THOMAS C. MORRISON *et al.*, Appellants, *v.* HUGH STEWART *et al.*, Appellees.

### APPEAL FROM ALTON CITY COURT.

The sworn answer of a defendant in a proceeding to enforce a mechanics' lien, is not equal to two witnesses; but is to be overcome by two witnesses, or by one, and strong corroborating circumstances.

A new trial is not to be granted because accumulative evidence can be furnished.

THIS is an appeal from the Alton City Court, from the judgment of said court, upon a petition filed by the appellants, to perfect a mechanics' lien upon a lot in Alton, upon which the appellants have built a dwelling-house and other improvements.

The jury found a verdict for the defendant. The petitioners moved for a new trial, which was denied, BILLINGS, Judge, presiding ; and judgment was rendered against the appellants.

F. S. RUTHERFORD, and S. T. SAWYER, for Appellants.

L. DAVIS, for Appellees.

BREESE, J. There was evidence offered to the jury tending to show that a paper, marked "specifications for a dwelling-house," was a part of the contract between the parties—it was proved, or admitted to be in the hand-writing of one of the complainants, and corroborates the defendant's sworn answer. The proof was not positive by any means, but was sufficient for the purpose intended.

The instruction marked "2," asked by the complainant, was properly amended by the proviso added by the court, and so of the fourth instruction. Without the proviso, the instruction would require the jury to find for the complainants, if they found the contract set out in the petition, whether that was the real contract of the parties or not.

The instructions given on behalf of the defendants, and excepted to, were as follows:

"The court is requested to instruct the jury, that the plaintiffs in this case are bound to recover upon the contract, as laid in their petition. That they cannot abandon that contract and recover under an implied contract what the work is worth.

"That the answer in this case is evidence, as to the payment of money by Stewart, equal to two witnesses, or to one witness and strong corroborating circumstances.

"The court is requested to instruct the jury, that if they believe, from the evidence, that the work done and materials furnished in this cause, were done under a special contract, that such special contract must govern in this case.

"That if by such contract the house was to be constructed for a certain price, and in a particular manner, then no more than the price agreed upon can be recovered, no matter what the value of such work or materials may be proved to be."

We see no valid objection to any of these instructions, except the second. They affirm well-established principles, applicable to the case under consideration. As to the second, the lien law provides, § 7, that the answer to the bill or petition shall be under the oath of the defendant, and the plaintiff shall except or reply to the answer as though the proceeding was in chancery. A replication was put in, and the cause heard on the bill, answer and replication, as in a chancery proceeding. In such proceedings, the rule is, the answer is evidence for the defendant, and can only be overcome by two witnesses, or one witness and strong corroborating circumstances. It is not, as in the language of the instruction, equal to two witnesses, and it was erroneous so to charge. If it was equal to two witnesses, then it would require three witnesses to prevail against it—two against the answer, and one to establish the contract; which is not the law.

The motion for a new trial on the affidavit filed, was properly denied, because it shows nothing but such matter as was contested on the trial, and the evidence, if had, would be merely cumulative.

For this error in the second instruction, the judgment is reversed, and the cause remanded.

*Decree reversed.*