Martin et al. *v.* Ehrenfels.

---

AUGUSTUS MARTIN *et al.*, Plaintiffs in Error, *v.* FREDERICK N. EHRENFELS, Defendant in Error.

### ERROR TO THE SUPERIOR COURT OF CHICAGO.

The fact that evidence was given to the jury, tending to show that parties sued here had been copartners in Europe, is not so irrelevant as to authorize the setting aside of a verdict.

In order to have this court decide, whether there was a variance between a note declared upon, and the one offered in evidence, the latter should be set out in the bill of exceptions.

If the evidence as to a fact is conflicting, the verdict will be sustained.

The affidavit of a juror, is not to be received, to impeach the conduct of the panel.

Cumulative evidence, or newly discovered evidence, touching upon a fact, about which evidence had already been received, unless it is conclusive as to such fact, or the fact that a witness can be impeached, is not cause for granting a new trial.

24 187
21a 631

24 187
124 391
27a 505

24 187
137 545
138 369

24 187
147 390

24 187
83a 148

24 187
84a 304

24 187
194 5 16

THIS was a suit commenced by an affidavit, for an attachment for $1,773.68, on two promissory notes made by plaintiffs in error, under the firm of A. Martin & Co., one dated 16th September, 1858, payable to defendant in error, for $1,248, two months after date, with interest; the other, made by plaintiffs in error, under the same style, dated 29th September, 1858, payable to Greenbaum Brothers, or order, twelve days after date, for $500, with interest at ten per cent.; last note duly indorsed by payees to the defendant in error.

That Martin had departed from the State of Illinois, and that Rudolph A. and William Slomer, were about to depart from said State, each of them having the intent to remove their effects from said State, to the injury of their creditors as aforesaid.

The declaration was on the two notes set out in the affidavit for attachment, and the common counts.

*Ad damnum,* $3,000.

General issue by Rudolph A. Slomer, and *similiter.*

General issue by William Slomer, and *similiter.*

Affidavit of Rudolph A. Slomer, verifying his plea.

Affidavit of William Slomer, verifying his plea.

Default of Martin was entered.

A jury was impanneled to try issue, and there was a verdict on issues joined, and damages assessed on default, 8th October, 1859, for $1,876.31.

Motion, on part of Rudolph A. Slomer and William Slomer, for a new trial.

Motion for a new trial overruled by the court, and final judgment on verdict, and exception by defendants Slomers.

Appeal prayed and allowed.

HERVEY & ANTHONY, for Plaintiffs in Error.

VAN BUREN & GARY, for Defendant in Error.

CATON, C. J. We see no objections to the evidence offered, of the relations formerly existing between the defendants when they resided in Europe. It is true, that these relations there may have had but a slight tendency to show that they were partners in Chicago, but we do not think it was so entirely irrelevant that the verdict should be set aside because it was admitted.

When the larger note was offered in evidence, it was objected to, because of an alleged variance between it and the one declared on, which objection was overruled, and an exception taken. The record does not show that there was any variance,

and the presumption is, that the objection was overruled because there was in fact no variance. The note offered should have been set out in the bill of exceptions, had there been any variance, so that we could have seen that there was a variance.

The alteration in the other note was shown, by the testimony of Greenbaum, to have been made before it was executed. But even that note is not given in the record, so as to show that there had been an apparent alteration.

There was a very considerable amount of conflicting testimony upon the fact of partnership. From the testimony, we think the jury would have been justified in finding either way. Perhaps the preponderance is in favor of the verdict. At any rate, we should not be justified in setting aside the verdict, because it is against the evidence.

There were three classes of affidavits read in support of the motion for a new trial. We will first consider the affidavits of the jurors. The only tendency of these affidavits, is to impeach the conduct of the jury. For this purpose the affidavit of a juror cannot be received. Next are the affidavits of newly discovered evidence bearing upon the question of partnership, and this only of a circumstantial character. This is in the strictest sense cumulative evidence, upon a point to which a large amount of evidence had already been introduced upon the trial; and is not of itself of a conclusive and controling character. Such newly discovered evidence never affords grounds for a new trial. Newly discovered evidence upon a point to which testimony has already been given on the trial, must be positive and conclusive, and capable of definitely settling the point in controversy at once and conclusively, before it can justify the granting of a new trial. These affidavits do not even approach this standard.

The remaining affidavits show, that upon another trial the defendants would be able to impeach the testimony of one of the plaintiff's witnesses. This also is an insufficient ground for a new trial.

The judgment must be affirmed.

*Judgment affirmed.*