FRANCIS M. WILSON, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO IROQUOIS.

The credibility of the complaining witness in a bastardy case, is peculiarly appropriate for the consideration of the jury.

The Circuit Court may, in its discretion, grant a new trial, to enable the defendant to prove an alibi, but this should be done with great caution.

THIS was a bastardy case, tried in the Iroquois Circuit Court. The jury found Wilson guilty. The judgment of the court was, that he pay fifty dollars annually for seven years, and give a bond for $800, conditioned for the payment of the judgment.

The mother of the child was the complaining witness. The connection was alleged to have taken place in the dining room of the house where the parties resided.

The defendant moved for a new trial, and filed his own affidavit, stating that he could prove by his mother, who occupied the dining room at the time the girl swore intercourse took place, she being then sick there, that the child could not have been begotten as complaining witness had sworn. And that he could not foresee that the witness would have sworn so as to render this testimony necessary.

Affidavit of Westbrook does not controvert affidavit of Lawrence.

C. H. WOOD, for Plaintiff in Error.

D. P. JONES, State's Attorney, for The People.

CATON, C. J. The credibility of the complaining witness was a matter peculiarly appropriate for the consideration of the jury, and we are not disposed to find fault with their determination to believe her.

Nor did the affidavit of what the defendant could prove by his mother make such a case as should induce us to overrule the court below, in its refusal to grant a new trial for that reason. There is no pretense that the defendant did not know all along what he now says his mother will swear to. It is then not newly discovered evidence. But the defendant says he was taken by surprise at the *locus in quo* fixed by the complaining witness, and he now wants an opportunity of another trial, that he may prove an *alibi*. While the Circuit Court might, in its discretion, where justice seems to require it, grant a new trial for the purpose of enabling the defendant to prove an *alibi*, this should be done with great caution.

We see no objection to the instructions. The judgment is affirmed.

*Judgment affirmed.*