FREDERICK SULZER

*v.*

LYDIA YOTT.

1. NEW TRIAL—*newly discovered cumulative evidence.* A new trial will seldom be granted to let in newly discovered cumulative evidence, and then only when it seems to be decisive in its nature.

2.  SAME—*excessive damages.*  In an action for a breach of promise of marriage, where the evidence showed the defendant to be worth $7,000, it was regarded that while a verdict for the plaintiff of $1,500 might be considered full if not large compensation, yet it was not beyond the discretionary power of the jury.  In actions of that character, which sound in damages, the jury necessarily have a wide latitude in fixing the amount.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. HERVEY, ANTHONY & GALT, and Mr. W. B. SNOW-HOOK, for the appellant.

Messrs. C. & C. P. KINNEY, Mr. THOMAS DENT and Mr. M. A. RORKE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the circuit court of Cook county, against appellant, on a breach of promise to marry.  The declaration was in the usual form, to which was filed the plea of the general issue, and a special plea, averring that appellee excused appellant from performing his agreement to marry her.  Issue was taken on these pleas, and a trial was had, resulting in a verdict in favor of appellee for $2,039.58, of which amount appellee remitted $539.58, under the direction of the court, whereupon judgment was rendered against appellant for $1,500 and costs, from which this appeal is prosecuted.

A reversal is urged, principally on the ground that the evidence fails to sustain the verdict.  The record discloses the fact, that appellee testified positively to the marriage engagement, while appellant, on the other hand, as positively denies that it existed, and he is fully as positive in the denial as she

is in the assertion. But appellee is corroborated by Mrs. Campbell, who testifies that appellant, in a conversation with her in reference to the matter, stated he had never been engaged to any other person than appellee. Again, he seems to have paid attention to her, and the jury had all the evidence and circumstances before them, and had every opportunity of judging from the appearance, manner and intelligence of the witnesses, to whom credit should be given. Appellee, being corroborated strongly by a disinterested witness, who stands unimpeached, inclines the weight of evidence in her favor, and to our mind, the evidence was amply sufficient to warrant the jury in finding that there was a promise to marry, and its breach.

An effort was made by appellant to prove, by his father, that appellee admitted, in substance, that she had released appellant from the engagement. In this there was an entire failure, as the father is contradicted by appellee and her sister-in-law, who were present at the conversation to which he refers. Their contradiction is clear, distinct and positive, and we would be at a loss to see how the jury could fail to give them credit. We are unable, in view of all this evidence, to say that there is not a clear preponderance of the evidence in favor of the finding. Without seeing the witnesses on the stand, we can see nothing in the evidence to dissatisfy us with the verdict.

Again, the circuit judge who tried the case, overruled the motion for a new trial, thus expressing his satisfaction with the action of the jury. With his superior advantages for determining the proper weight to be given to evidence, his decision is entitled to weight when it is being reviewed in this court. Under the responsibility of his duties, we can not suppose the circuit judge only regards a motion for a new trial as merely formal, but that he acts conscientiously, and determines such motions as he does all other questions upon which he passes.

The motion for a new trial, based on the affidavits of newly discovered evidence, was properly denied. When examined in

connection with the testimony in the record, it is apparent that such evidence, if produced, would only be cumulative. It discloses no independent proof, but is only corroborative of that heard by the jury, and is not decisive in its character. The court seldom grants a new trial to let in newly discovered cumulative evidence, and then only when it seems to be decisive in its nature. *Bruce* v. *Truett*, 4 Scam. 454 ; *Morrison* v. *Stewart*, 24 Ill. 24; *Martin* v. *Ehrenfels*, 24 Ill. 187 ; *Wilson* v. *The People*, 26 Ill. 434. These cases are decisive of this question, inasmuch as the evidence proposed to be produced is not of the character required. If new trials were allowed for the purpose of letting in newly discovered evidence, of the character proposed in this case, justice might, and no doubt would, be delayed almost indefinitely in all litigated cases.

If the newly discovered evidence had been introduced, we do not see that it would likely have affected the result of the trial. It was natural for appellee, after appellant had refused to keep his engagement, when annoyed by an allusion to it, to say that she did not want to marry him ; that she would sue him and make him pay for the breach of promise, and that she preferred the money to marrying him. We infer from the evidence, that appellant's mother had made slanderous charges against appellee ; appellant had refused to keep his engagement, and she would have been something higher than human had she not felt indignant, and would have been unusually prudent, had she failed on some occasion and to some person, to manifest feeling and even bitterness. Had the declaration proposed to be proved, been made to appellant, on a tender to marry on his part, then this evidence would have been important, as showing a refusal on her part to comply with the engagement. But there is no pretense of such an offer on his part, and none of the circumstances are given under which she made the statement imputed to her. We are clearly of the opinion that

the court acted correctly in refusing to grant the new trial on these affidavits.

In actions of this character, which sound in damages, the jury necessarily have a wide latitude in fixing the amount, and we are not prepared to say the judgment in this case is excessive. Appellant is shown to have been worth $7,000, and the verdict, as amended by the remittitur, was but $1,500. It may be that the compensation is full, if not large, but is not, we think, beyond the discretionary power of the jury.

A careful examination of the record in this case, fails to disclose any error for which the judgment of the court below should be reversed, and it is affirmed.

*Judgment affirmed.*