# GEORGE W. COOPER
## v.
## WESLEY JOHNSON.

*New Trial—Newly Discovered Evidence—Conflict of Evidence—Question for Jury—Excessive Verdict—Remittitur in this Court—Costs—Bankruptcy—New Promise.*

1. Newly discovered evidence which is merely cumulative is not sufficient as a ground for a new trial.

2. Where the evidence is conflicting, the verdict of the jury is conclusive.

3. Where the verdict includes excessive interest, this court may permit the appellee to remit the excess to prevent a reversal. In such a case the appellant will recover costs in this court.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. F. S. BAIRD, for appellant.

Mr. HUGH L. BURNHAM, for appellee.

GARY, J.   The appellant, in 1876, assigned to the appellee a judgment of a justice of the peace, from which an appeal was then pending in the Superior Court, agreeing to prosecute it, and "in case of failure to recover and collect the sum of one hundred and thirty-five dollars," to pay to appellee fifty dollars in cash and ninety in merchandise within ninety days after final judgment. In 1880 appellant was discharged in bankruptcy.

The contest whether a new promise to pay was made by appellant, was settled by the jury in favor of appellee upon conflicting evidence. Their verdict under such circumstances is final. The affidavits on the part of appellant as to newly discovered evidence, related to conversations between the parties, of a character, so far as they are similar to those to which appellee testified on the trial, merely cumulative to his tes-

timony, and not at all conclusive, even if the appellant could be held to be diligent in discovering, after the trial, that a person several times present in the office of appellant when conversations occurred between the parties, was so present. Crozier v. Cooper, 14 Ill. 139; Martin v. Ehrenfels, 24 Ill. 187.

The court instructed the jury in effect that if the plaintiff recovered he was entitled to interest from March 3, 1879, to the time of trial, and appellant excepted.    The ninety dollars payable in merchandise are not within the statute as to interest.    " Moneys due on instruments of writing," are the words of the statute so far as applicable to this case.

As the verdict includes thirty-four dollars and thirteen cents interest on the ninety dollars, it is to that extent excessive; which, being one of the reasons for which a new trial was asked, and the refusal of a new trial being now assigned for error, the judgment must be reversed, unless the appellee will remit the excess.    If he does that, the judgment for $165.87 will be affirmed.    If not it will be reversed, and the cause remanded.    In either event the appellant is to recover his costs in this court.