## THOMAS KEITH

### v.

## KATE KNOCHE.

*Criminal Law—Trespass* Vi Et Armis—*Assault—Practice—Amendments—Continuance—New Trial.*

1.  A new trial will not be granted to enable a party to impeach a witness where there is other credible evidence that tends to sustain him.

2.  It is proper to deny a motion for a continuance upon the ground of absence of a witness, it being alleged that he would testify in a certain manner if present, when it is admitted by the other side that he would so testify.

3.  Where a declaration sets forth that a defendant on divers days and times between days specified, assaulted the plaintiff, any number of assaults within that period may be proved.

4.  Whether or not an assault by a man upon a woman is to be looked upon as having been made with a view to carnal intercourse, is a question to be determined by the jury from the evidence adduced.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. TURNER & HOLDER, for appellant.

Mr. WILLIAM WINKELMANN, for appellee.

PHILLIPS, P. J.    This is an action of trespass *vi et armis.* The declaration as originally filed alleges the assault to have occurred on the 1st day of February, 1890.    The declaration was amended so as to charge the assault to have been committed on the 1st day of August and at various other dates in June, 1890.    The defendant filed his motion for a continuance on the ground of the absence of certain witnesses who would testify the general reputation of the plaintiff for truth and veracity was bad.    Plaintiff admitted that if the absent witnesses were present they would testify as stated in the affida-

vit, and thereupon the motion for a continuance was denied. The plaintiff was not introduced as a witness, but two witnesses were called who testified to two different assaults, one made in June and one made in August of 1889. A motion to exclude the evidence was made because of variance, and the plaintiff moved for leave to amend the declaration, which was allowed by the court, to which the defendant excepted, and the motion to exclude the evidence was denied. The statute authorizes the practice of admitting that absent witnesses would testify as stated in the affidavit, and that when such admission is made it shall not be cause for continuance. The statute authorizes and makes it the duty of the court to permit amendments to the declaration, and it was not error to permit the declaration to be amended. On the amendment being made, the defendant moved for a continuance, which was denied, and the defendant excepted. Defendant's affidavit is wholly insufficient to authorize a continuance. It states the name of no witness by whom any fact is expected to be proven. It was not error to deny the continuance after the plaintiff's evidence was before the jury. The defendant then moved the court to require the plaintiff to elect as to which particular assault she would rely on under the one count of the declaration, which motion was denied by the court.

It is said in Saunders on Pleading and Evidence, 53: "When the declaration stated that the defendant, on divers days and times between two specified days, assaulted the plaintiff, he may prove any number of assaults within that period, or he may prove a single trespass at any time before the action brought, and after proving several assaults within the period mentioned, he might, perhaps, be permitted to prove others committed before that time to show defendant's malice." If trespasses incapable of continuance be so charged, plaintiff may be confined at the trial to a single act. It is said in Gould on Pleadings, 95: "It is now held, an allegation that the defendant on a certain day and on divers other days and times between that day and the day of suing forth the writ, assaulted the plaintiff, etc:, is good, since one may assault another at different times, though an assault can not be committed at different times."

The admission of the evidence of two or more assaults at different times under the averments of this declaration, was proper. The declaration charges that the defendant attempted to forcibly have carnal connection with the plaintiff, and his intention and purpose is to be determined from the evidence in the case. The evidence in the record, therefore, was admissible under the declaration, and as but one act of attempting to push or throw the plaintiff down was testified to by one witness, and the evidence of other acts at another time which show an attempt to use a degree of familiarity that was improper and resented by the plaintiff, was testified to by another witness, under the evidence appearing in this record, it was not error to overrule the motion of defendant to require the plaintiff to elect on which assault she would rely.

A verdict was rendered for plaintiff for $500, and the defendant moved for a new trial, which was overruled, and the defendant excepted. The defendant urged as cause for new trial, newly discovered testimony, and filed affidavits to show that the general reputation for truth and veracity of one of the two witnesses who testified for plaintiff was bad. A new trial, will not be granted to enable a party to impeach a witness where there is other credible evidence that tends to sustain the witness. Martin v. Ehrenfels, 24 Ill. 187; Woodside v. Morgan, 92 Ill. 273.

We find no error in the instruction and it was the province of the jury to determine the damages.

The judgment is affirmed.

*Judgment affirmed.*