### Hiram Drum v. Doepheide & Chism.

1.  NEW TRIALS—*Newly-Discovered Evidence—When Insufficient.* — Newly-discovered evidence upon an issue already tried will not be sufficient upon which to grant a new trial, unless it is conclusive and capable of definitely settling the matter in dispute.

Assumpsit, upon a promissory note.  Trial in the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Finding and decree for plaintiff; appeal by defendant.  Heard in this court at the November term, 1898.  Affirmed.  Opinion filed June 3, 1899.

PEEBLES, KEEFE & PEEBLES, attorneys for appellant.

RINAKER & RINAKER and J. B. SEARCY, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.
This is a suit in assumpsit, brought by appellee against Hiram Drum and Philo Barto upon a promissory note for

$150, dated April 23, 1897, payable to the order of John W. Dalby, due in twelve months and assigned by Dalby to appellees on December 1, 1895. The only defense made was that the action was barred by the statute of limitations. Appellees relied upon proof of two payments made by Dalby to Drum to take the case out of the operation of the statute—one of $30, made and indorsed September 24, 1888, and one of $1.25, made and indorsed March 12, 1890. As to those payments there was a direct conflict between Dalby and Drum, the former testifying that they were made as indorsed and the latter denying.

Upon the trial the suit was dismissed as to Barto, and the court, hearing the case without a jury, found that the disputed payments were made, and rendered judgment against Drum for $381.50.

We are not disposed to reverse the judgment for the alleged error of the court in finding the issues for the plaintiff. In the conflict it was the peculiar province of the trial judge to determine where the truth was. His opportunities for arriving at a correct conclusion were vastly superior to ours.

The chief reliance of appellant is that the court erred in overruling the motion for a new trial, based upon his affidavit of newly-discovered evidence. Upon the trial Dalby, after testifying in chief to the payment of the $30 as indorsed, on cross-examination stated that it was paid upon the occasion of his calling upon Drum in 1888 with reference to a school order which had been issued to him that year, while Drum was school treasurer, and he was a school teacher in the township where they resided. The affidavit submitted by Drum in support of his motion for a new trial sets up as newly-discovered evidence that an examination of the treasurer's books of the township for 1888 shows that Dalby did not teach school in the township that year, and that no school order was issued to him for that year.

Newly-discovered evidence upon an issue already tried will not be sufficient upon which to grant a new trial unless it is conclusive and capable of definitely settling the matter

in dispute. If it is merely cumulative and not decisive it will not answer. Smith v. Shultz, 1 Scam. 490; Morrison v. Stewart, 24 Ill. 24; Martin v. Ehrenfels, 24 Ill. 187; Skelly v. Boland, 78 Ill. 438; Hays v. Houston, 86 Ill. 487.

The newly-discovered evidence set up in the affidavit relates to the disputed fact of the payment of $30, and can be regarded only as cumulative of evidence heard upon that issue, the circumstances of Dalby teaching in the township and receiving a school order in 1888 as merely incidental and not conclusive. If it could be demonstrated that he was mistaken as to teaching in the township that year it would not necessarily follow that the payment of $30 was not made then.

The affidavit was not sufficient, and the court properly overruled the motion for a new trial. Judgment affirmed.