## No. 7843.

### STATE OF LOUISIANA VS. HENRY CLARK.

It is proper for the District Attorney, in examining the jurors on their *voir dire*, to ask each of them: "Have you any conscientious scruples as to inflicting the death penalty in case of murder?" This point is no longer an open question.

The law does not require that section 1000 of the Revised Statutes be read to the jury by the District Attorney. When the Counsel for the accused has read it to them, and the Court in its charge has stated that, that section was the law, and that, under its provisions, the jury could qualify their verdict by adding "without capital punishment," the statute is fully complied with.

It is not necessary, for the validity of the verdict in criminal cases, that the accused be present in court, in person, when the case is assigned for trial, or when attachments are ordered for witnesses, or when a motion for new trial is made.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

---

J. C. Egan, Attorney-General, for the State, Appellee:

It has been settled in 14 An. 570, and 30 An. 1134, that it is proper for the District Attorney to ask each juror, in a trial for murder, whether he has any conscientious scruples to inflicting the death penalty in case of murder.

It is untenable to pretend, when the Counsel for the accused has read section 1000 of Revised Statutes to the jury, and has commented upon it, and the Court has charged that that section is the law, and the jury can qualify their verdict by adding "without capital pun-

ishment," that still the District Attorney must read the section to the jury.

R. W. Knickerborker, for Clark, Appellant.

The opinion of the Court was delivered by

TODD, J.  The defendant, Henry Clark, was indicted in the parish of East Baton Rouge for the murder of Henry Ralliat.  He was tried, and the jury returned against him an unqualified verdict of guilty.  He applied for a new trial, which was refused, and from the sentence of death, imposed under the verdict, he has appealed.

He presents, by bills of exception and assignment of errors, these several grounds for the reversal of the sentence :

First—" That the District Attorney, in examining the jurors on their *voir dire*, questioned each juror as follows :  ' Have you any conscientious scruples as to inflicting the death penalty in case of murder ?' "  Which question the District Judge allowed to be asked, though objected to.

The question here presented is no longer an open one.  It has been expressly and repeatedly decided that the question is a proper one.  State vs. Mellon, 14 An. 570 ; State vs. Baker, 30 An. 1134.

Second—" Because the State, through the District Attorney, failed to read section No. 1000, Revised Statutes of Louisiana, 1870, to the jury, and informed said jury that a verdict of guilty without capital punishment is equally responsive to the law in the premises as a verdict of guilty."

It is shown by the bill of exceptions that this section was read to the jury by the counsel for the accused and commented on at length ; that the judge, in his charge to the jury, stated " that said section was the law, and that the jury could qualify their verdict by adding ' without capital punishment,' " and in the close of the charge reiterated this instruction.

If there was an express requirement of law that this statute should be read to the jury, and there is no such express requirement, we would regard such requirement as strictly complied with.

The statute was read to the jury.  It was brought to their attention by the charge of the judge, and his charge upon this point was even reiterated.  We are at a loss to discover how any instruction could be more fully impressed upon the mind of the jury.

Third—That the record does not show that the accused was present when the following proceedings were taken in the case :

1.  When the case was assigned for trial.

2.  When attachments were ordered for witnesses.

3.   When motions for new trial and appeal were made.

It is true that in the old English cases, which were followed by the earlier American decisions, it was held that a prisoner, accused of a felony, must be shown to be personally present in all proceedings relating to the prosecution.   These decisions were mainly due to the fact that, in the early period of criminal jurisprudence in England, the accused was denied the right to be represented by counsel, and therefore there was an apparent necessity for his actual personal presence in court at every stage of the proceeding.   But since a practice so abhorrent to every principle of humanity has ceased, the rigor of the rule requiring the presence of the prisoner during the progress of the prosecution has greatly abated, and now while the courts uniformly hold that the actual presence of the prisoner must be shown during the arraignment, trial, verdict, and sentence, his personal presence is not required or deemed necessary whenever each and every proceeding, however insignificant, is taken in the case.

Thus, Bishop, in his work on Criminal Procedure, vol. 1, sec. 265, observes :   " From the foregoing chapters it appears, in order to institute proceedings against one suspected of crime, it is necessary to take preliminary steps in his absence.

" The summoning of witnesses forms no part of the trial.   It is merely the steps to prepare for the trial.   The accused has no more right to claim personal attendance when steps are being taken to procure the attendance of witnesses, than he has to claim to be present when a grand jury are investigating his case."

And in section 276, same volume, it is stated :   " Between the verdict and sentence, it has been said, that it is not necessary, although it may be highly proper, for the prisoner to be at any time personally present in court, even when the offense of which he stands charged is a capital one.

" His counsel may ask for a new trial in his absence.

" A defendant, in the actual custody of the marshal, upon criminal process, in consequence of an indictment in the Court of King's Bench, need not be present when a motion for a new trial is made on his behalf in the same court."   Rex vs. Hollingsburry, C. D. and R., 344 ; 4 B. and C., 329 ; State vs. Lou. Outs, 30 An. 1155.

This later doctrine commends itself to our reason and common sense in view of the fact that, in every case of felony, the accused is represented by counsel, learned in the law, chosen or appointed for the purpose of conducting his defense, and whose duty it is to watch with unceasing vigilance all the proceedings of the prosecution, and interpose all the safeguards which the law allows for the protection of his client.   And while the law, in its tenderness for one in its custody,

charged with a grave offense, may not, from this consideration, dispense with the personal presence of the accused in all the important material stages of the trial, lest he might possibly suffer some injury from his absence, it is not now required that he should be personally present at each and every step and proceeding connected with the case which are of minor significance and importance.

We find no error in the proceedings.

It is therefore ordered, adjudged, and decreed that the judgment and sentence appealed from be affirmed.