STATE v. JEFCOAT.

1. Mere clerical errors, or mere matters of form, in an indictment, may be amended at any time before plea pleaded, with the consent of the grand jury.
2. There is no necessity for the presence of the prisoner at the hearing of a motion made by his counsel for a new trial, or in arrest of judgment, unless he claims the constitutional right of being heard in person.
.3. A prisoner before being sentenced on conviction of murder was not asked "if he had anything to say why sentence of death should not be passed upon him." *Held,* that this was error, but that the omission affected the sentence only, and did not entitle the prisoner to a new trial. *State* v. *Trezevant, ante* p. 363, affirmed.

Before WALLACE, J., Orangeburg, May, 1883.

The opinion fully states the case.

*Mr. Malcolm I. Browning,* for appellant.

An indictment could not be amended at common law. 1 *Arch. Cr. L.* 313 ; 4 *Burr.* 2529 ; *Bac. Abr. title Indict. G. II., title Amend. C.* The statute of jeofails did not apply to pleas of the Crown. 1 *Chit. Crim. L.* 295 ; 2 *Mason* 145 ; 12 *Mod.* 229 ; 6 *Mod.* 281 ; 1 *Bish. Cr. Pro.* 97, 98, 707, 710, 711. While amendments in the caption have been permitted, in our State amendments of the body of an indictment is unprecedented. 1 *Brev.* 169 ; 2 *McCord* 301. Difference between body and caption. 1 *Arch. Cr. L.* 240. As to the absence of the accused, at a stage of the trial, see 1 *Arch.* 330, *note* 1 ; *Rules Circuit Court, No. XXXV.;* 1 *Bish. Cr. Pro.* 265, 277, *note* 4. As to the omission of the presiding judge to demand of prisoner whether he had aught to say why sentence of death should not be pronounced upon him—this is absolutely and indispensably necessary, and it must appear on the record, to make the judgment lawful. 1 *Arch. Cr. L., p.* 580 ; 1 *Chit. Crim. L., p.* 700 ; 1 *Bish. Cr. Pro.* 1118, *note* 3 ; 4 *Bl. Com.* 370, 375 ; 2 *Salk.* 635 ; 3 *Salk.* 358 ; 3 *Mod.* 265. The appeal presents a

series of violations of the constitutional safeguards of liberty and life. *Cons., Art. I, Sec.* 14. Unless this court intervenes,. a man—a very humble man—it is most respectfully submitted, will be deprived of his life, otherwise than by the law of the· land.

*Mr. Solicitor Jervey,* contra.

February 22d, 1884. · The opinion of the court was delivered by

MR. JUSTICE McIVER. In this case a bill of indictment charging the appellant with the offense of murder, was preferred to and presented by the grand jury as a true bill. When the· arraignment of the prisoner was in progress, and before the· defendant had pleaded to the indictment, the solicitor, discovering a clerical error in the indictment, asked the counsel for the· prisoner if he would consent to an amendment, which being refused, the solicitor made the amendment by striking out a. word improperly inserted, and without entering a *nolle prosequi* upon the indictment, recommitted the same indictment, with said word erased, to the same grand jury who returned it with an indorsement, " True Bill, W. W. Wannamaker, foreman," their first finding having been erased. The error in the indict-· ment, as first found, consisted in the insertion of the word " January " after the words " in the year of " in that portion of the indictment which specified the time when the offense charged was alleged to have been committed, so as to make it read " on the sixteenth day of January in the year of January, our Lord one thousand eight hundred and eighty-three," and the amendment consisted in the erasure of the word " January " after the· words " in the year of."

The trial having resulted in a conviction of the defendant, he, by his counsel, made a motion for a new trial and in arrest of judgment. The Circuit judge refused the motion for a new trial, but held the motion in arrest of judgment under advisement.· Subsequently, the motion in arrest of judgment was called up, and the Circuit judge, " after hearing some further discussion by defendant's attorney, overruled the motion ; during which discussion and ruling the accused was not present in court." When

the prisoner was called up for sentence, the Circuit Judge, "without demanding of him if he had anything to say why sentence of death should not be passed upon him," proceeded to render judgment, in the usual form, that the prisoner " be hanged by the neck until the body be dead," &c.

The defendant appeals upon the following grounds: First. " Because his Honor erred in overruling the motion in arrest of judgment, upon the ground that the indictment was amended by the solicitor and recommitted to the grand jury, ' *nolle prosequi* ' not having been entered thereon. Second. Because the accused was not in court when the motion in arrest of judgment was ruled upon and decided. Third. Because his Honor, the presiding judge, did not ask the accused if he had anything more to say why sentence of death should not be pronounced upon him, before such sentence was passed."

First, as to the effect of the amendment. The authorities leave no doubt of the proposition that mere clerical errors, or mere matters of form, in an indictment may be amended at any time, before plea pleaded, with the consent of the grand jury. In 1 *Chit. Crim. L.* 297, it is said: " It is the common practice for the grand jury to consent, at the time they are sworn, that the court shall amend matters of form altering no matter of substance, and mere informalities may, therefore, be amended by the court before the commencement of the trial." In *Stark. Cr. Pl.* 287, it is said: "It is the common practice at present to amend indictments in matters of form, whilst the grand jury are before the court; for which purpose they formally give their consent that the court shall amend matters of form altering no matter of substance." To same effect see 1 *Bish. Cr. Pro.* (first edit.), § 391; 2 *Hawk. P. C.,* c. 25, § 98 ; and in *Mill. Comp.* 147, *note c.* (a work which is well known to have been compiled and annotated by that distinguished judge, D. L. Wardlaw,) it is said, in speaking of the grand jury, " The foreman hands the bills to the clerk and the clerk reads the title of each case and what the jury have written, taking care that the finding be written on the indictment. The clerk may then ask, ' Gentlemen, you agree that the court shall amend matters of form, altering no matter of substance ?' To which the foreman may reply—' Yes.' This,

z

not usually done in this. State, is always supposed to have been done, and is always done in England." In this case it is quite clear that the error which was amended, was, as Gibson, C. J., said, in *Sparks* v. *Commonwealth*, 9 *Barr.* 354, "One of those clerical slips which, it is well settled, the court has power, by the previous assent of the grand jury, to amend." And it is equally clear that the grand jury did, in the most formal manner possible, give their assent to the amendment. The first ground of appeal cannot, therefore, be sustained.

Next, we are to consider whether it was essential that the accused should have been present at the final discussion of the motion in arrest of judgment, and when the Circuit judge made his ruling thereon. The right of the accused to be present at every stage of his trial, is one that has long existed, and is especially guaranteed by section 13, article I., of the present constitution of this State; but a motion for a new trial, or in arrest of judgment, is no part of the trial. That must necessarily have terminated before such a motion could be made, and we are not aware of any authority, or any reason, which establishes the right of the accused to be present at the hearing of such a motion. In England, it has been held that such a motion cannot be made by the accused unless he is present before the court, for the reason, as was said in one of the cases, that "the court will be sure of him" before he will be heard by counsel on such a motion. *Rex* v. *Spragg*, 2 *Burr.* 930; *Rex* v. *Hayes*, 2 *Str.* 844; *Rex* v. *Gibson*, 2 *Str.* 968; *Rex* v. *Niccolls*, 2 *Str.* 1227. But this was a rule for the benefit of the government, and not for the accused; and it is at least doubtful whether such a rule has generally prevailed in America. 1 *Bish. Crim. Pro.*, §§ 691, 692. We think, however, that the question which we are called upon to decide is to be determined by the same principle which governed in the case of *State* v. *David*, 14 *S. C.* 428, and that there is no necessity for the presence of the prisoner at the hearing of a motion for a new trial, or a motion in arrest of judgment, either in the Circuit or Supreme Court, unless he claims the right guaranteed to him by the clause of the constitution above cited, of being heard by himself as well as by counsel.

In this case it does not appear that the prisoner claimed any

such right, but, on the contrary, was fully heard by his counsel. The second ground of appeal cannot, therefore, be sustained.

The third ground is well taken, as was shown in the case of the *State* v. *Trezevant, ante, p.* 363, heard at the present term of this court. But as there held, the error imputed by this ground did not affect the trial, but only the sentence; and hence the appellant is not entitled to a new trial, but simply entitled to be re-sentenced in conformity with the forms of law.

The judgment of this court is that the sentence in this case be set aside, and that the case be remanded to the Circuit Court for the purpose of enabling that court to sentence the prisoner according to law.