# H. H. HARRIS

*v.*

## The People of the State of Illinois.

*Filed at Springfield October 31, 1889.*

1. CRIMINAL LAW—*presence of prisoner in court—necessity therefor—presumption.* In all criminal cases requiring any punishment higher than a fine, whether in treason, felony or misdemeanor, the defendant must be personally present in court throughout the trial and at the time sentence is pronounced, and this must affirmatively appear by the record.* A failure in this respect will not be aided by those presumptions which ordinarily obtain in support of judgments of courts of general jurisdiction.

2. SAME—*error after verdict—sentence in absence of prisoner—reversal and remandment for proper judgment.* Where the assignments of error in no way question the verdict in a criminal case, or any of the proceedings anterior to the verdict, but allege merely that sentence was improperly pronounced in the absence of the prisoner, it will only be necessary to reverse and set aside the proceedings back to the point where the error was committed, and remand the cause for a proper judgment.

3. SAME—*calling on defendant before sentence.* The court is not disposed to hold, however, that it is essential that the trial court, before pronouncing sentence, shall inquire of the defendant whether he has anything further to say why the judgment of the court should not then be pronounced.†

4. BILL OF EXCEPTIONS—*whether necessary—to preserve motion for new trial, etc.* The only mode in which a motion for a new trial, and the ruling of the court thereon, can be preserved in the record, is by bill of exceptions; and when there is no bill of exceptions, the record furnishes no evidence of which this court can take notice that a motion for a new trial has been made or decided. The fact that the clerk may have copied into the transcript what purports to be a motion for a new trial, will not avail.

---

* This rule does not apply on writ of error from the Supreme Court. *Fielden et al.* v. *The People,* 128 Ill. 595.

† While it is the better practice to call upon the defendant to say why he should not be sentenced, yet the omission to do so is no ground for reversal in any case. *Gannon* v. *The People,* 127 Ill. 507.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. JOHN J. REA, for the plaintiff in error:

In cases of felony, at arraignment and all subsequent proceedings in the case, the accused must appear in person. 1 Archbold's Crim. Pr. and Pl. 351; *Sperry's case*, 9 Leigh, 623; *Sailer* v. *State*, 1 Harr. 357; *Dunn* v. *Commonwealth*, 6 Barr, 384.

A court can not award corporal punishment against a defendant, such as imprisonment in the penitentiary, unless he be personally present in court when such sentence is passed. Bishop's Crim. Proc. sec. 275; *Brooks* v. *People*, 88 Ill. 327; *People* v. *Winchell*, 7 Cow. 525; *Son* v. *People*, 12 Wend. 344.

Where the personal presence of the defendant is necessary in point of law, the record must show such appearance, either affirmatively or by such a state of facts as would necessarily imply the personal presence of the defendant. Bishop's Crim. Proc. secs. 275, 1180; *Dyson* v. *State*, 26 Miss. 362; *State* v. *Matthews*, 20 Mo. 55; *Scaggs* v. *State*, 8 S. & M. 822; *State* v. *Cross*, 27 Mo. 332; *Safford* v. *People*, 1 Park. Cr. R. 476; *Sperry* v. *Commonwealth*, 9 Leigh, 623.

Mr. GEORGE HUNT, Attorney General, and Mr. J. R. MILLS, for the People:

When the record shows the presence of the defendant when the trial is commenced, it will be presumed, in the absence of a contrary showing, that he was present till its close and judgment rendered. *Schirmer* v. *People*, 33 Ill. 276.

The defendant has the right to be present, but he may forfeit that right by his own misconduct. *Sahlinger* v. *People*, 102 Ill. 341; *Ross* v. *State*, 20 Ohio, 33.

In the absence of anything showing to the contrary, it will be presumed the trial court did its duty. *Dougherty* v. *People*, 124 Ill. 557.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

At the September term, 1887, of the Circuit Court of Macon county, the plaintiff in error was indicted by the grand jury for the crime of forgery. At the January term, 1888, of said court, he was duly arraigned and pleaded not guilty. On the 8th, 9th and 10th days of October, 1888, those being days of the September term, 1888, of said court, he was tried by a jury, who found him guilty, and fixed the term of his imprisonment in the penitentiary at six years. It affirmatively appears from the transcript of the record, that in the foregoing proceedings, up to and including the verdict, the plaintiff in error was present in court, both in person and by attorney.

The record contains no bill of exceptions, but the clerk has copied into the transcript a paper purporting to be a motion by the defendant's counsel for a new trial, and appearing, from the indorsement thereon, to have been filed October 13, 1888. The order containing the sentence of the court was entered October 25, 1888, that also being one of the days of said September term, and recites as follows: "And now on this day came the People by the state's attorney, and the defendant by his attorneys, and the motion made by the defendant at a former day of this term for a new trial of this cause being heard and duly considered, is by the court overruled," and sentence of the court was thereupon pronounced in accordance with the verdict of the jury. The assignments of error are all based upon the fact that the record fails to show affirmatively, that the defendant personally appeared in court at the time the motion for a new trial was heard and decided, and the sentence of the court was pronounced.

It has been a well established rule of the common law from an early period, that a prisoner accused of a felony must be arraigned in person and must plead in person, and his personal appearance is required throughout the trial, and at the time sentence is pronounced. As said by Mr. Chitty: "Al-

though a defendant accused of a misdemeanor may be found guilty in his absence, this can never be done in capital felonies, but it is necessary that he should personally attend, and it should so appear on the record." 1 Chit. Crim. Law, 414. A leading authority on this question is *Rex* v. *Harris*, 1 Ld. Raym. 267, Comb. 447, Holt, 399, Skin. 684, in which it was held by Lord Holt, that a judgment can not be given against any man in his absence for a corporal punishment.

The same rule has been generally adopted in this country. Mr. Bishop, in discussing the question in its relation to the imposition of sentence, says: "Where the offense is a misdemeanor of a kind punishable by fine, or, though by fine and imprisonment, where a fine only is imposed, the doctrine seems pretty plainly to be, that it is within the discretion of the court to render judgment in the defendant's absence. But if there is to be imprisonment, or any other punishment higher than a fine, whether in treason, felony or misdemeanor, the defendant must be personally present. 1 Bishop's Crim. Proceed. sec. 275. This doctrine is supported by the following decisions: *People* v. *Winchell*, 7 Cow. 525; *Rolls* v. *The State*, 52 Miss. 391; *Hooker* v. *Commonwealth*, 13 Gratt. 763; *Sperry* v. *Commonwealth*, 9 Leigh, 625; *Hamilton* v. *Commonwealth*, 16 Pa. St. 129; *Prine* v. *Commonwealth*, 18 id. 103; *Peters* v. *The State*, 39 Ala. 681; *Gibson* v. *The State*, id. 693; *Graham* v. *The State*, 40 id. 659; *Andrews* v. *The State*, 2 Sneed, 459; *Smith* v. *The People*, 8 Col. 457; *State* v. *Davenport*, 33 La. Ann. 231.

The fact that the defendant to a prosecution for a felony was present, during the trial and at the imposition of sentence, must be shown affirmatively by the record. A failure in this respect will not be aided by those presumptions which the law ordinarily raises in support of the judgments of courts of general jurisdiction. This apparent exception to the general rule may perhaps be attributed to an abundant tenderness for the right secured by the Constitution to the accused to be con-

fronted by the witnesses against him, and to be heard by himself and counsel, but however this may be, it seems to be well supported by the authorities. The rule that to sustain a judgment of conviction for a felony, the record must affirmatively show that the prisoner was personally present in court when sentence was pronounced against him, is sustained by most of the authorities above cited, and also by the following cases: *Scaggs* v. *The State*, 8 Smedes & Marsh. 722; *State* v. *Cross*, 27 Mo. 332; *State* v. *Matthews*, 20 id. 55; *Dyson* v. *The State*, 26 Miss. 362; *State* v. *Revells*, 31 La. Ann. 387; *State* v. *Smith*, 31 id. 406.

The case before us is clearly distinguishable from *Shirmer* v. *The People*, 33 Ill. 276. There the record showed no interval between the arraignment of the prisoner, the trial, verdict and judgment, the whole proceeding appearing to have taken place on the same occasion, and in consecutive and continuous order, and it appearing that the prisoner was present, as he necessarily must have been, at the arraignment, it was held that his presence during the whole proceeding down to the moment sentence was passed upon him was a matter which might fairly be implied. In the present case the sentence was not pronounced until fifteen days after the conclusion of the trial, and no inference as to the presence of the prisoner in court at the date of the sentence can be drawn from the fact that he was in court at the time of the trial and verdict.

Nor does this case come within the principle laid down in *Sahlinger* v. *The People*, 102 Ill. 241. There the prisoner, after the trial was entered upon, voluntarily abandoned the court room and refused to appear, and it was held that he would be regarded as having waived the right to be present, and that the court was under no obligation to stop the trial, but was at liberty to proceed in his absence to final judgment. In this case nothing whatever is shown as to the reason why the prisoner was not in court at the time sentence was pro-

nounced, and there is nothing therefore upon which a waiver of his legal right to be present in person can be based.

It necessarily follows from what has been said that there is error in the record, and it remains to be seen how such error may be corrected so as to restore the defendant to all the rights of which he has thereby been deprived. The errors assigned call in question, first, the hearing and decision of the motion for a new trial, and, second, the imposition of sentence, without the personal presence of the defendant. It is doubtful, to say the least, whether, in prosecutions for felonies, the argument and decision of a motion for a new trial is a proceeding which necessarily requires the personal presence of the accused. The decisions on this question are not altogether harmonious, but it is held by various courts whose opinions are usually accorded a high degree of consideration, that his personal presence is not essential between the verdict and judgment, upon the presentation and disposition of motions involving a discussion of mere questions of law, and among these are included motions for a new trial. In many cases where his personal presence is insisted upon, the rule seems to be enforced, not by way of protecting the right of the accused to be heard, but with a view of securing the custody of his person so that he may be forthcoming in case the decision is against him. It was in accordance with this principle that the Supreme Court of Massachusetts held, in *Commonwealth* v. *Costello*, 121 Mass. 371, that in a prosecution for forgery, the personal presence of the defendant at the decision of the motion for a new trial was not necessary, when the defendant was in custody. In discussing the principle involved the court say : "When the defendant is already in custody, it has never been the practice in this Commonwealth to require his presence at the making, the hearing or the decision of a motion in his behalf for a new trial. When he is not in custody, the court will not entertain such a motion in his absence, not because he has a right to be present, but because he has no right to

be heard without submitting himself to the control of the court, so that he may be committed in case the motion should be overruled ; or, as was said by Lord Hardwicke, in a case which, like this, was an indictment for forgery, 'the court may be sure of him,' before they intimate any opinion upon his motion."

In *State* v. *Jefcoat,* 20 South Car. 383, which was a prosecution for murder, the court say : "The right of the accused to be present at every stage of the trial is one that has long existed, and is especially guaranteed by the present Constitution of this State ; but a motion for a new trial, or in arrest of judgment, is no part of the trial. That must necessarily have terminated before such a motion could be made, and we are not aware of any authority, or any reason, which establishes the right of the accused to be present at the hearing of such motion. In England, it has been held that such motion can not be made by the accused unless he is present before the court, for the reason, as was said in one of the cases, that the court may be sure of him, before he will be heard by counsel on such motion. But this was a rule for the benefit of the government, and not for the accused ; and it is at least doubtful whether such a rule has generally prevailed in America."

In *State* v. *Harris,* 32 La. Ann. 118, which was a prosecution for manslaughter, the same doctrine is laid down.   See also, *Jewell* v. *Commonwealth,* 22 Pa. St. 94 ; *State* v. *Clark,* 32 La. Ann. 558 ; *State* v. *David,* 14 South Car. 428 ; *People* v. *Ormsby,* 48 Mich. 494 ; *Rolls* v. *The State,* 52 Miss. 391.

We do not find ourselves under the necessity, however, of deciding the question here suggested, as the record before us is not so framed as to properly present it.   There being no bill of exceptions, the motion for a new trial, if one was in fact made, does not appear to have been preserved in the record. According to the practice which has been uniformly observed in this State the only mode in which a motion for a new trial and the rulings of the court thereon can be preserved in the record is by bill of exceptions, and where there is no bill of

exceptions, the record furnishes no evidence of which this court can take notice that a motion for a new trial was made or decided. *Gill* v. *The People*, 42 Ill. 321; *McClurkin* v. *Ewing*, id. 283; *Daniels* v. *Shields*, 38 id. 197; *Nason* v. *Letz*, 73 id. 371. The fact that the clerk has seen fit to copy into the transcript a document which purports to be a motion for a new trial can in no way avail the defendant. Such document is not thereby brought within the range of our judicial observation. So long then as it does not appear in any mode of which we can take cognizance that any motion for a new trial was made or decided, it is plain that all assignments of error based upon the fact that the defendant is not shown to have been personally present at the argument and decision of such motion must necessarily fail.

The only error in the record of which the defendant can complain consisting as it does of the imposition of sentence upon him in his absence, it will only be necessary, in order to purge the record of that error, to reverse and set aside the proceedings back to the point where the error was committed, without disturbing any of the anterior proceedings. None of the assignments of error attempt to assail the verdict or any proceeding prior to the verdict, and there is no occasion therefore for awarding a *venire facias de novo.*

The case of *Martin* v. *Barnhardt*, 39 Ill. 9, is in point. It there appeared that no error had intervened prior to the verdict, and that the verdict itself was sufficient to sustain a judgment, but that no sufficient judgment had been rendered. Upon that state of the record it was held, that all that was necessary to do in order to correct the error was, to reverse the judgment and remand the cause with leave to the plaintiff to move for a proper judgment on the verdict, it being deemed unnecessary to award a *venire facias de novo.*

In *Cole* v. *The State*, 5 English, 318, which was a prosecution for an assault with intent to murder, the verdict was delivered in the presence of the defendant, the irregularity complained

of consisting simply in pronouncing sentence in his absence, and it was held that the consequence would not necessarily be the awarding of a new trial, but only a reversal of the judgment and a remanding of the cause, with instructions to the trial court to proceed to pronounce judgment in accordance with the verdict, after having inquired of the defendant whether he had anything further to say why the judgment of the court should not then be pronounced.

In *Kelly et al.* v. *The State,* 3 Smedes & Marsh. 518, which was an indictment for the murder of a slave, it did not appear that the prisoner was present at the time of pronouncing sentence, and the judgment was further defective in not setting forth the time from which the commencement of the imprisonment should date, and it was held that, for those errors, the judgment should be reversed without disturbing the verdict, and the cause remanded with instructions to pronounce judgment in accordance with the verdict, after having inquired of the defendant as above stated.

We are not disposed to hold, as seems to have been held in the two cases last cited, that it is essential to the validity of the sentence that the defendant should be inquired of as there stated, but on the authority of those decisions, as well as the other cases above cited we hold that the judgment must be reversed with instructions to the Circuit Court to pronounce sentence upon the defendant, in accordance with the verdict, the defendant being for that purpose personally present in court to receive such sentence.

*Judgment reversed.*