People of State of Illinois, Defendant in Error, v. Purne Cooley, Plaintiff in Error.

Gen. No. 9,467.

230

Heard in this court at the May term, 1945. Opinion filed May 28, 1945. Rehearing denied July 5, 1945. Released for publication July 5, 1945.

ALTON B. COFER, of Charleston, for plaintiff in error.

W. K. KIDWELL, State's Attorney of Coles County, for defendant in error; KENNETH A. GREEN, of Mattoon, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

Defendant, Purne Cooley, was indicted on the charge of keeping a common gaming house in Charleston, Illinois. He was arrested and entered a plea of not guilty. A jury found him guilty and he was fined $100 and costs. He has sued out a writ of error to review the judgment.

Defendant urges only two grounds for reversal—first, that the evidence was insufficient to prove the commission of the offense charged, and, second, that the evidence was insufficient to prove that defendant was the one who committed the alleged offense.

Defendant was not in the courtroom during the trial but appeared only by his attorney.

The only evidence was that of four witnesses for the State, viz, Woodworth and Finley who were paid investigators and did not live in Charleston, Varda who owned the premises, and Dowling who was a deputy sheriff.

Woodworth testified that he was in the premises on only two different days; that on June 23, 1944, about 3:00 p. m. he saw there a crap table and two round tables such as are used in playing poker, saw three men playing craps with chips which they bought from a dealer in charge of the game, and that he, Woodworth, engaged in the crap game and quit four dollars win-

ner. On the same day about 8:00 p. m. he again entered the premises and bought four chips for one dollar, lost three chips in the game, and kept one chip which was introduced in evidence. On the afternoon of June 30, with Finley, he again entered the premises and saw the same tables and other gambling paraphernalia, but no game was being played. At that time he saw only two other men in the place, one of whom then told Woodworth that he was the proprietor and that his name was "Cooley," but that such man did not tell Woodworth his first name; that this was the only time that he ever saw "Cooley," and "Cooley" was not the man he saw dealing the game on June 23.

Finley testified that he was in the premises on only one occasion and that was on June 30, 1944; that he went there with Woodworth; he saw two round tables and a crap table; on the crap table there were dice and chips, but no one was playing craps or poker. He saw only two men, one of whom said his name was "Cooley," but such man did not say his name was Purne Cooley.

Varda testified that he rented the premises to his son who was away in the army; that he, Varda, operated a saloon and had known a Purne Cooley a few months, and Purne Cooley was aged about 45 years.

Dowling testified that on July 27, 1944, he served a warrant in the present case on Purne Cooley; that he had never known Purne Cooley before; that at the time of serving such warrant he first saw Purne Cooley in the sheriff's office and the sheriff then pointed to a man in the office and said that such man was Purne Cooley.

Woodworth and Finley each described "Cooley" as being aged between 45 and 50 years, and as being about 5 feet 7 inches in height. Woodworth said "Cooley" weighed about 160 pounds, and Finley said "Cooley" weighed about 165 pounds. Varda said Purne Cooley was aged about 45 years. Dowling said

Purne Cooley was aged about 40 years, was about 5 feet 8 or 9 inches in height and weighed about 165 pounds. Woodworth said "Cooley" had gray hair, nearly white. Finley said "Cooley" had grayish hair. Dowling said that Purne Cooley had hair beginning to turn gray. Woodworth and Finley said that "Cooley" had blue eyes which protruded. Dowling said he thought that Purne Cooley had brown eyes.

The foregoing was, in substance, all of the material evidence tending to show the guilt of the defendant.

It is our opinion that such evidence was sufficient to justify the jury in finding that the offense charged in the indictment was committed by some man.

██ In the present case the defendant had been admitted to bail and was at liberty to attend the trial or not, as he saw fit. (*People v. Harris*, 302 Ill. 590, 593.) His failure to testify as a witness did not create any presumption against him. (Par. 734, ch. 38, Ill. Rev. Stats. 1943 [Jones Ill. Stats. Ann. 37.720].) Notwithstanding his failure to appear in person at the trial, the burden rested on the prosecution not only to prove the commission of the crime charged beyond a reasonable doubt, but also to prove by the same measure of evidence that the alleged crime was committed by the defendant. (*People v. Peck*, 358 Ill. 642; *People v. Corbishly*, 327 Ill. 312.)

We do not consider as being applicable to the facts in the present case such cases as *People v. Decina*, 306 Ill. 260, wherein it is said that it is sufficient to sustain an averment of a particular name that a person is usually or popularly known by such name, or such cases as *People v. Schanda*, 352 Ill. 36, wherein it is indicated that identical names are presumed to refer to the same person, or such cases as *People v. Auriene*, 361 Ill. 440, which discuss the effect of discrepancies in testimony as to identity.

██ It will be noted that Woodworth and Finley each saw a man named "Cooley" on only one occasion,

that is on June 30, 1944. "Cooley" was a stranger to them, and neither of them was told that the name of such man was Purne Cooley. Varda was not asked and did not testify as to whether he ever saw Purne Cooley in or enter the premises in question, and was not asked as to whether he ever had any dealings or conversation with Purne Cooley concerning said premises. Dowling merely testified that he arrested the defendant, Purne Cooley. The only peculiar or abnormal or otherwise distinguishing description of "Cooley" as given by Woodworth and Finley was that they said that "Cooley" had eyes which protruded, but neither Varda nor Dowling was asked whether Purne Cooley had eyes which protruded. It will also be noted that Woodworth and Finley said that "Cooley" had blue eyes, while Dowling said that he thought that Purne Cooley had brown eyes. Varda was not asked about the color of Purne Cooley's eyes.

It is our opinion that the foregoing evidence was not sufficient to justify the jury in finding that the "Cooley" who admitted to Woodworth and Finley that he was the proprietor of the alleged gaming house was the same person as the defendant, and are therefore of the opinion that the guilt of the defendant was not proven beyond all reasonable doubt.

For the reasons indicated the cause is reversed and remanded for a new trial.

*Reversed and remanded with directions.*