People of State of Illinois, Defendant in Error, v. Cecil E. Matlock, alias Cecil Matlock, alias C. E. Matlock, Plaintiff in Error.

Gen. No. 9,515.

Opinion filed February 24, 1947. Rehearing denied May 6, 1947. Released for publication May 7, 1947.

ALTON B. COFER, of Charleston, for plaintiff in error.

W. K. KIDWELL, State's Attorney of Coles county, for defendant in error; HUGH HARWOOD, Assistant State's Attorney of Coles county, of counsel.

Mr. Justice Wheat delivered the opinion of the court.

Plaintiff in error, Cecil Matlock, was indicted for the second offense of "keeping and operating a common gaming house" in Mattoon, Illinois. He was found guilty by a jury which fixed his punishment at imprisonment in the county jail for eight months and assessed a fine of $1,200. Upon denial of motion for a new trial, he prosecutes this writ of error.

He urges two grounds for reversal: first, that the trial court erred in ordering him to be personally present at the trial, and, second, that the trial judge made a prejudicial remark in the presence of the jury, as to the presumption of his identity with a defendant of the same name convicted in 1944.

Discussing the second assignment of error, it appears that the state's attorney told the court he wanted to establish that the plaintiff in error was the same person as the defendant in a 1944 case charging a similar offense, and the following discussion took place in the presence of the jury:

"Mr. Kidwell: Also want to show that Cecil Matlock and this Cecil Matlock are the same parties, unless you want to object to that.
"The Court: *Of course, that would be presumed.*
"Mr. Kidwell: He's the same defendant.
"The Court: You stipulate that, or want it proved? *It would be presumed anyway.*"

Plaintiff in error urges that the remarks of the court as to the presumption of identity were improper and prejudicial and that such issue was solely a question for the jury. The record shows that no objection was made at the time to these remarks, and the rule is that to take advantage of an alleged improper comment of the trial judge, appropriate objection must be made at the time or the matter will not be considered on appeal. (*People v. McLaughlin,* 337 Ill. 259.) In ad-

dition to this, it is not apparent how this comment could have been prejudicial as the plaintiff in error stipulated as to his identity with the defendant in the prior case. After a discussion out of the presence of the jury, the following statement was made to the jury by the state's attorney:

"Mr. Kidwell: It is hereby stipulated and agreed by and between counsel for the People and the defendant, Cecil Matlock, that . . . subsequently on the 42nd day of the April term A. D. 1944 . . . being the 5th day of September, 1944, Indictment No. 6077, *People of the State of Illinois vs. Cecil Matlock* there was further proceedings had . . . that the defendant persisted in his plea of guilty to Count I . . . and the judgment of the court was as follows: . . . that the defendant Cecil Matlock pay a fine of Two Hundred Fifty Dollars and costs. . . . In other words, ladies and gentlemen, that is the stipulation, *that this defendant,* Cecil Matlock, did enter a plea of guilty to a charge of keeping and operating a common gaming house in Coles County, Illinois, on June 24, 1944.

"The Court: Now you agree with the stipulation, do you, Mr. Cofer?
"Mr. Cofer: Yes.
"The Court: That is the stipulation to be considered by the jury."

As further evidence of identity, the People's witness, Hougland, sheriff of Coles county, testified without contradiction, that the defendant in the first case was the same person as plaintiff in error. Positive identification by one witness is sufficient to sustain a conviction. (*People v. Gasior,* 359 Ill. 517.) It is our opinion that no reversible error was committed by the court in making his comments and that the evidence as to identity was sufficient to warrant the finding of the jury as to a second offense.

Plaintiff in error argues that his constitutional rights were violated by the order of the court requiring him to be personally present at the trial and that the court erred in this respect. He urges that because the offense charged was a misdemeanor and as he was at liberty on bail, he had the right to appear or not as he saw fit. The People charge that there is a distinction between the case of a misdemeanor punishable by a fine only, and one punishable by a fine and imprisonment, and that in the instant case the plaintiff in error was charged with a misdemeanor punishable upon conviction by a mandatory jail sentence and a fine, by reason of which the court had the power to compel the personal appearance of the accused.

Plaintiff in error argues that his presence in the court room enabled the People's witnesses to point him out as the man in charge of the gaming house, and that the court's order therefore forced him to give evidence against himself, in violation of his constitutional rights. The Supreme Court in the case of *People v. Curran,* 286 Ill. 302, has held that to require a defendant to stand so that witnesses may identify him does not amount to compelling him to give evidence against himself.

In the case of *Harris v. People,* 130 Ill. 457, the court said: "A leading authority on this question is *Rex vs. Harris,* 1 Ld. Raym. 267, Comb. 447, Holt, 399, Skin. 684, in which it was held by Lord Holt, that a judgment cannot be given against any man in his absence for a corporal punishment. The same rule has been generally adopted in this country. Mr. Bishop, in discussing the question in its relation to the imposition of sentence, says: 'Where the offense is a misdemeanor of a kind punishable by fine, or, though by fine and imprisonment, where a fine only is imposed, the doctrine seems pretty plainly to be, that it is within the discretion of the court to render judgment in the defendant's absence. But if there is to

be imprisonment, or any other punishment higher than a fine, whether in treason, felony or misdemeanor, the defendant must be personally present.' 1 Bishop's Crim. Proceed. Sec. 275.'' The same principle is stated in the case of *People v. Moran,* 342 Ill. 478.

The case of *People v. Cooley,* 326 Ill. App. 229, cited by plaintiff in error is not in point nor inconsistent with the above rule. In that case the accused was charged with a misdemeanor punishable upon conviction by a fine only, and, although the defendant was not personally present at the trial, no issue was presented to the Appellate Court as to the necessity of his personal appearance. The case was reversed by reason of the insufficiency of the evidence as to the identity of the defendant, consisting only of the testimony of two strangers who had seen him on but one occasion. In the instant case, the People's witness, Applegate, had known the plaintiff in error seven or eight years, and the witness, Fickes, had known him ''quite awhile.'' His presence in the court room does not seem to have been material as to his identification.

Plaintiff in error also cites the case of *People v. Harris,* 302 Ill. 590. In that case no issue was presented as to the power of the court to compel the personal appearance of the defendant and the case was reversed by reason of a variance between the proof as to the property stolen and the property described in the indictment.

In our opinion, the court did not err in ordering the plaintiff in error to be personally present in the court room.

The judgment of the circuit court of Coles county is affirmed.

*Affirmed.*