## Henry Sahlinger *et al.*

### *v.*

## The People of the State of Illinois.

*Filed at Springfield March 28, 1882.*

1. CRIMINAL LAW—*general conviction sustained, if any good counts.* Judgment will not be arrested, nor will a judgment be reversed, on a general verdict of guilty, in a criminal case, because one count in the indictment is bad, if other counts are good.

2. SAME—*larceny—recent possession of stolen goods.* A recent possession of stolen property after the theft is sufficient to warrant a conviction, unless the attending circumstances so far overcome the presumption thus raised as to create a reasonable doubt of the prisoner's guilt, when an acquittal should follow.

3. SAME—*waiver of constitutional right to be present at trial.* The constitutional right of a prisoner to appear and defend in person and by counsel, to demand the nature and cause of the accusation, and to meet the witnesses face to face, is conferred for the protection and benefit of one accused of crime, but, like many other rights, it may be waived by him.

4. So where a prisoner, after his trial has begun, voluntarily abandons the court room, and refuses to appear, he will be regarded as having waived a right which is guaranteed to him, and the court is under no obligation to stop the trial, but may proceed in his absence to final judgment. He will not be allowed to take advantage of his own fault.

5. EVIDENCE—*relevancy of fact on cross-examination.* On the trial of one for burglary, and the larceny of certain goods, there is no error in refusing to allow the prosecuting witness, on cross-examination, to state the names of the firms from whom he purchased goods, as this could throw no light on the question of the defendant's guilt or innocence.

6. SAME—*opinion of witness as to fact.* On a trial for burglary and larceny, a witness for the defendants testified very fully that they were not away from home on the evening the crime was committed, stating that they were not away from home that evening, and went to bed at ten o'clock. The witness was then asked if they were away from home as much as half an hour, to which she replied, not that she knew of. She was then asked could they have been gone that time without her knowing it, which question the court held improper: *Held,* that the ruling was correct, as the answer would have been a mere matter of opinion.

7. NEW TRIAL—*newly discovered evidence.* A new trial will seldom be granted in a criminal case on the ground of newly discovered cumulative evidence, and this only when it seems to be decisive in its nature.

16—102 ILL.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. THOMAS SHIRLEY, for the plaintiff in error:

The law seems to be settled that if the bad count is for an offence substantially different from the good count, or if the evidence admitted under the bad count is not admissible under the good count, in such a case, after verdict of guilty, there should be a new trial, or after judgment upon such a verdict, there should be a reversal. Wharton's Crim. Pl. and Pr. sec. 771; *Wood* v. *People,* 58 N. Y. 117.

The court told the jury that "the possession of stolen property immediately after the theft is sufficient to warrant a conviction." Such is not the law, nor is it proper for the court to tell the jury what facts are sufficient to justify a conviction. It is true, the court adds: "unless the attending circumstances or other evidence overcomes the presumption thus raised, so as to create a reasonable doubt of the prisoner's guilt, when an acquittal should follow." What presumption thus raised? See *Comfort* v. *People,* 54 Ill. 404; *Conkwright* v. *People,* 35 id. 204.

An *alibi,* if proven, is a complete defence, and if not satisfactorily proven it yet may be a complete defence, if the evidence to sustain it creates a reasonable doubt of the guilt of the accused. *Hopps* v. *People,* 31 Ill. 393.

Mr. JAMES McCARTNEY, Attorney General, for the People:

The verdict could with perfect propriety have been found under either of the three good counts. *Lyons* v. *People,* 68 Ill. 271; *Townsend* v. *People,* 3 Scam. 326; *Curtis* v. *People,* Breese, 197; *Holliday* v. *People,* 4 Gilm. 111.

There was no error in the first instruction for the People. It is drawn exactly according to the advice of the court in *Conkwright* v. *People,* 35 Ill. 204. See, also, *Unger* v. *State,* 42 Miss. 642; *Foster* v. *State,* 52 id. 695; *Tucker* v. *State,*

57 Ala. 503; *Brown* v. *State*, 59 id. 456; *State* v. *Turner*, 65 N. C. 592; *Commonwealth* v. *Randall*, 119 Mass. 107; *Knickerbocker* v. *People*, 43 N. Y. 177; *Comfort* v. *People*, 54 Ill. 404.

That there was no error in proceeding with the trial in the voluntary absence of one of the defendants, see *Fight* v. *State*, 7 Ohio, 327; *State* v. *Warnire*, 16 Ind. 357; *McCorkle* v. *State*, 14 id. 39; *Price* v. *State*, 36 Miss. 531; *United States* v. *Davis*, 6 Blatchf. 464; *Williams* v. *State*, 19 Ga. 402; *Lord Morley's case*, 6 State Trials, 770; *Hill* v. *State*, 17 Wis. 697; *Prim* v. *Com.* 18 Pa. St. 103; *Wilson* v. *State*, 2 Ohio St. 319; *Rose* v. *Ohio*, 20 Ohio, 33.

When the affidavit for a new trial discloses evidence which, if introduced on the trial, would not have changed the result, a new trial should not be granted. *Bulliner* v. *People*, 95 Ill. 394.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Henry Sahlinger and Samuel Sahlinger, for larceny and burglary. The indictment contained four counts. The first count charged larceny of a certain quantity of cloth, the property of Alfred Hitchcock. The second count charged defendants with receiving stolen goods knowingly. The third count charged burglary of the same goods from the same person, with force, on the 1st day of April, 1890. The fourth count is like the third, except the burglary was charged without force, and on April 1, 1880. On a trial before a jury the defendants were found guilty, in manner and form as charged in the indictment. The value of the stolen property was found to be $318, and the term of imprisonment of defendant Henry Sahlinger fixed at seven years in the penitentiary, and the other defendant ten years. The court overruled a motion for a new trial and in arrest of judgment, and rendered judgment on the verdict.

It will be observed that the jury returned a general verdict of guilty, in manner and form as charged in the indictment, and as the third count of the indictment was bad, it is urged that the judgment on the verdict is erroneous. The indictment contains three good counts, and under the uniform ruling of this court the judgment was proper and regular, although the indictment contained one bad count. *Townsend* v. *The People*, 3 Scam. 326; *Holliday* v. *The People*, 4 Gilm. 111; *Lyons* v. *The People*, 68 Ill. 272.

It is next urged that the court erred in giving instruction number one for the People, which was as follows:

"The jury are instructed, as a matter of law, that possession of stolen property, immediately after the theft, is sufficient to warrant a conviction, unless attending circumstances or other evidence so far overcomes the presumption thus raised as to create a reasonable doubt of prisoner's guilt, when an acquittal should follow."

The law is well settled that recent possession of stolen property, in no manner explained by the prisoner, will warrant a conviction. As was said in *Comfort* v. *The People*, 54 Ill. 404: "The books agree that a recent possession of stolen property after the theft is sufficient to warrant a conviction, unless the attending circumstances or other evidence so far overcomes the presumption thus raised as to create a reasonable doubt of the prisoner's guilt." The instruction does not seem to conflict in any manner with the doctrine announced in the case cited, but seems to be in entire harmony with the rule there announced, which is fully sustained by the authorities. We perceive no substantial objection to the instruction, and do not believe the jury were in any manner misled by it.

It is also contended that the last instruction given for the People is erroneous. It is as follows:

"The jury are instructed, as a matter of law, that their verdict should extend also to the case of the defendant Samuel Sahlinger, though he is not now present in court."

It appears from the record that this case was called for trial May 11, 1881, and a default was taken against Samuel Sahlinger, who was not then present. A jury was called and sworn to answer questions, when an adjournment was had until the following day. On May 12th, when court opened, as appears from the record, all the defendants appeared, and a jury was impaneled to try all of the defendants. On May 13th all the defendants were present, but on May 14th, when the trial was concluded and the instructions given, it appears that Samuel was absent. On the motion for a new trial the defendant read an affidavit of one Rosa Memlick, from which it appears that he came to her house on the afternoon of the last day of the trial, and was taken sick while there. The defendant, however, although he filed his own affidavit on another subject, does not undertake to give any excuse for leaving the court while the trial was in progress, nor does he give any reason for his absence. The question presented by the instruction is, whether a defendant in a criminal case can stop the progress of a trial, and thus defeat the ends of justice, by deserting the court room during the last hours of a trial, or has the court the power to proceed and finish the trial in the absence of a defendant.

In *Holliday* v. *The People*, 4 Gilm. 111, which was an indictment for procuring an abortion, where the verdict was received in the absence of the defendant, it was held, according to the principles of the common law, in all capital cases, the verdict must be received in open court, and in the presence of the prisoner; but that rule did not apply to a misdemeanor. No opinion was, however, expressed in regard to what was the proper rule in cases of felony. There is no doubt but a prisoner on trial for a felony has the right to be

present at every step taken in his case, and it would be error for the court to deprive him of that right without his consent, unless it might become necessary to remove him from the court room, temporarily, for disorderly conduct; but where a prisoner, after a trial has begun, wrongfully and voluntarily abandons the court room, and refuses to appear, he must be regarded as having waived a right which is guaranteed to him if he sees proper to avail of it, and the court is under no obligations to stop the trial until the defendant thinks proper to return, but in such a case the court would not transcend any of its legitimate powers by proceeding with the case to final judgment. The constitutional right of a prisoner to appear and defend in person and by counsel, to demand the nature and cause of the accusation, to meet the witnesses face to face, was conferred for the protection and the benefit of one accused of a crime, but, like many other rights, no reason is perceived why it may not be waived by the prisoner. He may, if he sees proper, waive any trial, and plead guilty to an indictment. If he may do this, he may waive the right to cross-examine a witness, or to be present when his case is argued to the jury, or when the verdict is received.

A similar question arose in *Wilson* v. *The State*, 2 O. S. 319, where it is said: "The remaining error assigned is, that the verdict was received in the absence of the defendant below. If he had been in prison, or had been prevented by improper means from being present when the verdict was rendered, we should regard this as a fatal error."

In *Ross* v. *Ohio*, 20 Ohio, 33, it was held that it was the right of the prisoner to be present at the time the verdict was rendered, and if deprived of this right by imprisonment or any other improper manner, the verdict should not be followed by judgment. But the defendant was not imprisoned, nor was he prevented by any improper means from being present at the rendition of the verdict. He was at

large on his own recognizance, and presumed to be present if he kept it. He can not, in such a case as the present, voluntarily absent himself at the moment the verdict is rendered, and take advantage of that absence to avoid judgment upon the verdict. What was said in the case cited applies here. The defendant was not imprisoned, nor was he prevented by any improper means from being present when the verdict was rendered. He voluntarily and wrongfully absented himself, and he can not now claim any advantage on account of such absence. It was the duty of defendant to be present when the case was submitted to the jury and when the verdict was returned, but he can not claim any advantage from a failure to observe that duty, when he was absent of his own accord. (*Hill* v. *The State*, 17 Wis. 697.) He can not be permitted to take advantage of his own wrong, and thus defeat the ends of justice. It was the defendant's own fault that he was not present when the verdict was rendered. The defendant's voluntary abandonment of the trial must be regarded as a waiver of the right to be present when the verdict was returned into court.

It is also urged that the court erred in the modification of certain instructions, but what the modification was, and in what the error consisted, has not been pointed out, and we are unable to determine, from an inspection of the record, whether any error occurred in this regard or not. If any serious objections existed to the modification of the instructions, they should have been pointed out in the argument.

It is contended that the court erred in refusing to allow the witness Hitchcock, on cross-examination, to state the names of the houses in Baltimore of whom he purchased goods. Much latitude is often given in the cross-examination of witnesses, especially where it appears that the witness is attempting to evade or conceal the truth, but the witness Hitchcock seemed to be perfectly fair, and endeavored to tell the truth fully and fairly, and we are at a loss to perceive

how the names of the firms of whom the witness purchased goods could throw any light on the question of the guilt or innocence of the defendants.

It is also claimed that the court erred in refusing to permit the defence to ask the witness Annie Sahlinger whether defendants were away from the house on the night of the larceny, from the time they went in until she went to bed. Upon an examination of the record it will be found that this witness testified very fully on the subject. She says, in substance, that the defendants were not away from the house that evening, and went to bed at ten o'clock. She was further asked if defendants were away from the house as much as half an hour. To this she replied, not that she knew of. She was then asked could they have been gone that time without her knowing it. This question the court decided was improper, and we think properly, as the witness had detailed fully all she knew on the subject. The answer would be a mere matter of opinion of the witness. Other objections of a similar character have been made to the ruling of the court on questions of evidence, but we do not find any of them well taken.

It is also claimed that a new trial should have been granted, because of newly discovered evidence. The newly discovered evidence is that of one John L. Simins. He states that he knows who stole the goods in question, and that the defendants are innocent; that he saw the goods in a certain room in Chicago after they were stolen, and went with the goods, when they were taken from Chicago, as far as DeKalb, Illinois. This evidence, had it been before the jury, could not be regarded as decisive. The rule adopted in this State is, that a new trial will seldom be granted to let in newly discovered cumulative evidence, and then only when it seems to be decisive in its nature. (*Sulzer v. Yott*, 57 Ill. 164.) This evidence is not of that character. If the affidavit of the proposed witness be true, it is apparent that he himself was a

party to the crime, and had he been a witness before the jury, his evidence, when weighed in connection with the other evidence in the case, could not have turned the scales in the defendants' favor.

After a careful examination of the whole record we fail to find any substantial error. The judgment will be affirmed.

*Judgment affirmed.*