# J. O. LEWIS
## v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Assault and Battery—Recognizance—Jurisdiction of Justice—Presumption of Regularity of Acts—Agreed Statement.*

1. In an action upon a recognizance entered into before a Justice in a criminal prosecution for assault and battery, it is *held:* That the Justice had power to take the recognizance upon adjournment for trial; that it

required the personal presence of the defendant at the trial; that from the agreed statement of facts, it will be presumed that the Justice made all the necessary orders and entries in connection with taking the recognizance, and that the question of the regularity of his official action can not be raised for the first time in this court.

2.   It *seems* that if Justice has jurisdiction to take a recognizance, the action of the defendant in entering into it is voluntary and that the security is thereby bound.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of McHenry County; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. JOHN B. LYON, for appellant.

A Justice court is one of inferior and limited jurisdiction, and has no authority, unless expressly conferred by statute. Bowers v. Green, 1 Scam. 42; Robinson v. Harlan, 1 Scam. 237; Trader v. McKee, 1 Scam. 558.

The violation of a city ordinance is a *quasi* criminal offense or a misdemeanor, and in the trial of a misdemeanor the presence of the defendant is not necessary. A Justice of the Peace has no authority to require a bond in continuance of such a case, and if he should take one the court is inclined to hold it void.   Maguire v. Town of Xenia, 54 Ill. 299; Naylor v. City of Galesburg, 56 Ill. 285; City of Bloomington v. Heiland, 67 Ill. 278.

Mr. A. W. YOUNG, State's Attorney, for appellee.

An assault and battery is, under the statute, though a misdemeanor only, a purely criminal offense, and not *quasi* criminal.   Van Meter v. People; 60 Ill. 168.

Assault and battery, being an offense cognizable by a Justice of the Peace, the statute expressly authorizes him to take a recognizance in such cases.   Secs. 353, 354, 357, 361, 415, Ch. 38, R. S.;  People v. Green, 58 Ill. 236;  City of Bloomington v. Heiland, 67 Ill. 278.

A Justice of the Peace may try a defendant in his absence, but is not bound to do so.   If not present the Justice may try him, or declare a forfeiture of the recognizance at his discre-

tion.   O'Brien v. People, 41 Ill. 456; People v. Meacham, 74
Ill. 292.

The bond is voluntary as to the surety and is made so by
statute, both as to principal and surety.   Sec. 361, Ch. 38, R.
S.; People v. Race, 2 Ill. App. 563.

The bond is sufficient in terms to require a personal appear-
ance, and will be construed in view of the intention of the
obligors and the purpose of its execution.   Sec. 357, Ch. 38,
R. S.; Shattuck v. People, 4 Scam. 477; Chumasero v. Peo-
ple, 18 Ill. 405; Gallagher v. People, 88 Ill. 335.

No order is necessary for recognizance in a Justice's court,
even where a defendant is required to appear at Circuit Court.
Sec. 362, Ch. 38, R. S.; Shattuck v. People, 4 Scam. 477;
Chumasero v. People, 18 Ill. 405.


LACEY, J.   This was a suit originally commenced before a
Justice of the Peace, and from the Justice appealed to the
Circuit Court, in which court the appellee recovered a judg-
ment for $100.   The foundation of the action was a recogni-
zance entered into before a Justice of the Peace in a criminal
prosecution for assault and battery against Gilbert Allen, the
appellant being security on the recognizance.

The cause was tried by the court on an agreed state of facts
without a jury.   It appears by the agreement that Gilbert
Allen, the principal in the bond, was not served with process
and was not a party to the suit in this case.   It further
appears from the agreement that on the 4th day of Novem-
ber, 1885, Gilbert Allen was arrested on a charge of assault
and battery on a warrant issued by S. H. Chandler, a Justice
of the Peace, on complaint of John Robinson; that on being
brought before said Justice on the day above named the
defendant was not ready for trial, and a continuance was had
until the 7th of the same month upon his giving bond for his
appearance before the Justice of the Peace at that time.   That
on the 7th of said month Gilbert Allen appeared before the
Justice and the case was again continued until the 11th of the
same month at his request, upon his giving bond in the sum of
$100 with appellant for security, conditioned for his appear-

ance on that day; that on the last named day upon the calling the case for trial defendant did not appear and the case was permitted to stand open until the next day; that on that day the defendant did not appear in person, but his attorney appeared and offered to go to trial, which the State's Attorney objected to; the court refused to try the defendant in his absence but declared the recognizance in the case forfeited, and the default of the defendant and the surety of the recognizance.

The recognizance was in the usual form, binding the defendant Allen to "answer and be present for trial concerning said charge," etc., etc., "and not depart the said court without leave and obey its orders" on penalty of the forfeiture of the bond.

It is insisted: 1. That the Justice had no jurisdiction in the case to take the recognizance. 2. That the bond in terms did not require the personal appearance of the defendant. 3. That there was no default formally taken preparatory to declaring default or forfeiture, and no order of the Justice requiring Allen to give bond.

We think that none of these objections are well taken.

The charge of assault and battery is purely a criminal charge of which a Justice has jurisdiction. It is in grade called misdemeanor, but in all essential procedure it is the same as in the grade of felony.

Sec. 357, Chap. 38 (Criminal Code), expressly provides that "when a recognizance is taken for an offense cognizable by a Justice of the Peace, it shall be conditioned for the appearance of the accused before the Justice of the Peace taking the same, or before some other Justice of the Peace of the county where the offense was committed, or on the day appointed by the Justice for the trial of the offense."

This section taken in connection with Sec. 415 of the same code, which authorized a Justice of the Peace to adjourn a criminal examination or trial and take the recognizance for the appearance of the defendant for further "*examination*," makes it clear that the Legislature intended to give the Justice the power to take the recognizance in case of adjournment for *trial* as well

as for *examination*, and still to strengthen the necessity for such a construction we find the Legislature in Sec. 353 of the same code provides that, "all persons shall be bailable before conviction except for capital offenses where the proof is evident and the presumption great."

This is also a part of the Constitution. In case a party brought before a Justice of the Peace for trial of an offense cognizable before him and a continuance became necessary, and a Justice could not take the bail, the party would have to go to jail or apply to some Judge for *habeas corpus*, to procure an order for bail.

The Legislature could not have intended to compel circumlocution of this kind in order to secure to a defendant in a case of misdemeanor before a Justice the constitutional right of bail. We think the jurisdiction in the Justice to take the recognizance was ample under the statute.

It is insisted by counsel for appellant that because the Justice might try the defendant for a misdemeanor in his absence the Justice, in case the party appeared by attorney, would have no right to declare a forfeiture. Certainly there can be no sound reason for such a position as this. The same right exists in the Circuit Court in all cases of felony below the grade of murder, in case a defendant voluntarily absents himself after trial commences, yet no one would doubt the right of the Circuit Court to take default on the recognizance in such case. Sahlinger et al. v. People, 102 Ill. 241. The bond required the personal presence of Allen at the trial and, although the Justice might have proceeded to trial without his personal appearance, yet by the very terms of the recognizance it was forfeited in case he did not personally appear and abide the order of court. The court, besides the trial, needed his presence in case of conviction and sentence, to execute sentence upon him. There would be no need of any recognizance if it was not intended to compel personal appearance. If the Justice, having once acquired jurisdiction of the person of the defendant by the arrest and having him brought before him, should continue the cause to a day named, and the defendant should fail to appear, even without recognizance the

Lewis v. The People.

Justice, at the time fixed, might proceed to trial, yet the statute, in order to compel personal appearance, authorizes the taking of recognizance for defendant's appearance. There must have been some object in this provision or it would not have been enacted.

We do not think that any formal order need have been entered by the Justice, requiring the defendant to enter into a recognizance even if one was not entered. It appears from the agreed state of facts that the case was "again continued" * * * etc., "at his, defendant's, request, upon his entering into bond in the sum of $100 with J. O. Lewis as surety therein," etc.

By the agreement we think it may be implied that all the necessary orders were made by the Justice. The bond was taken before the Justice and became a matter of record. The amount was approved by the Justice as well as the surety. The agreement reads that defendant "appeared before the Justice and the case was again continued until the 11th November, 1885, at his request, upon his entering into bond in the sum of $100," etc. It is true that the agreement does not show in express words that any of the proceedings were entered of record by the Justice, but it does not state that they were not entered. We think, then, that a proper construction of the agreement would be that in regard to the acts performed by the Justice in his official capacity and stated as having been performed by him, to interpret it to mean that the Justice performed the acts in a legal and ordinary way by making the proper entries on his docket. Therefore, that the order for the continuance, the time to which the case was continued, that the defendant made the motion, and that the Justice ordered him to give bond in the sum of $100 for his appearance, and that J. O. Lewis was accepted as security, all were legally made and entered of record in the usual and legal way. No mention in the argument is made to the contrary.

The object, no doubt, of entering into the agreement, was to obviate the necessity of making formal proof and of producing the record of the Justice. It also appears from the

abstract that no such objection was made in the court below as that the Justice had not made the proper entries and orders, but only that the Justice had no power or jurisdiction under the statute to take the recognizance; that the Justice could have heard the case in defendant's absence and should not have entered default, and that the recognizance could not be regarded as valid under Sec. 361 of the Criminal Code for the reason that the Justice had no jurisdiction, and that the statute only has reference to the form in making the bond voluntary. If any such objection had been then made as that the Justice had not made the proper orders, such objection might have been cured by the production of the record. It is not fair to make it for the first time in this court. We must therefore hold that by the agreement, all the proper orders were made by the Justice. We are also inclined to hold that in cases where the Justice of the Peace has the proper jurisdiction to take a recognizance, as we hold he had in this case, under Sec. 361 of the statute, *supra*, the bond should be considered voluntary as regards the order on the defendant Allen to enter into bond. If he did enter into it, and the Justice approved and accepted it, that would be sufficient and the security would be bound.

In regard to the point that the agreement does not show that the defendant Allen was called prior to declaring the default, we must hold that such facts must be presumed from the record.

What we have said above in reference to the entering into bond applies equally well to this point. Having noticed all the objections urged by appellant to the record for reversal and finding no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*