(No. 13912.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. HYMAN WEINSTEIN, Plaintiff in Error.

*Opinion filed June 22, 1921.*

1. CRIMINAL LAW—*defendant may waive right to be present when sentence is entered.* Every defendant in a criminal case has the right to be present at every stage of his trial, from his arraignment to his final sentence; but where the defendant absconds or runs away from the court after learning of the verdict and refuses to return for sentence he waives the right to be present when sentence is entered, whether he is on bail when he absconds or whether he escapes from the officers, and the judgment entered against him is valid, and after the expiration of the term the court has no power to enter any further judgment or sentence in the case.

2. SAME—*court cannot set aside judgment after expiration of term.* In the absence of a statute providing otherwise, a court can not set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term or unless the judgment is void.

3. SAME—*when court may enter further order of commitment on original judgment after expiration of term.* Where a defendant absconds after learning of the verdict against him and is not again apprehended until nearly ten years after the expiration of the term at which judgment and sentence are rendered against him, the court, upon a proper showing, may enter a further order of commitment on said judgment when the defendant is again brought into court even though *scire facias* proceedings on the defendant's bond have been dismissed, but the defendant should be allowed to show, if he can, why the sentence should not be carried out.

4. SAME—*what is a proper method of obtaining mittimus for commitment of defendant who has been a fugitive for ten years.* Where a defendant, after learning of the verdict against him, absconds and is not apprehended until ten years later, a proper method of proceeding for a further order of commitment is for the State's attorney to file a written motion for an order of the court for such final writ or *mittimus* to commit the defendant on his original sentence, setting forth the facts, and upon proof of the facts the court will have jurisdiction to enter the order unless the defendant makes some legal defense thereto.

5. SAME—*court cannot enter order based on his personal recollections.* As no amendment of the record can be made after the term unless based upon some note or memorandum or memorial

paper remaining in the files or upon the records of the court, the court cannot, on his personal recollection that a defendant has not been in court, direct the entry of a finding that the defendant has been a fugitive from justice from the time he was sentenced until his apprehension, ten years later.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

MAXWELL R. HERMAN, and HENRY S. MOSER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and NOAH C. BAINUM, (EDWARD E. WILSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The common law record in this case shows that at the December term, 1910, of the criminal court of Cook county the grand jury was impaneled and a true bill returned by that body December 2, 1910, against plaintiff in error, Hyman Weinstein, charging him, in substance, with feloniously and unlawfully receiving stolen property knowing the same to be stolen from Charles Horberg. A plea of not guilty was entered by plaintiff in error February 9, 1911, and on the first trial the jury disagreed and was discharged by the court February 16, 1911. A second trial resulted in a verdict of guilty on March 24, 1911, the jury fixing the value of the property so received at $500. The record up to this point appears to be regular and in due form, showing plaintiff in error present in person and represented by his counsel when the verdict was returned. On said last date motion for a new trial was entered by plaintiff in error, and on motion of the State's attorney his bond was increased from $2500 to $5000. On April 29, 1911, an or-

der was entered defaulting plaintiff in error for failure to
answer to the indictment, and an order was also entered
defaulting the sureties and ordering a writ of *scire facias*.
On June 3, 1911, an order was entered overruling the mo-
tion for a new trial and a judgment was entered on the ver-
dict by the presiding judge, Marcus Kavanagh, sentencing
plaintiff in error to the penitentiary at Joliet for a term of
years not exceeding the maximum fixed by the statute for
the crime, and it was further ordered and adjudged that .
he be taken from the bar of the court to the common jail
of Cook county and from thence by the sheriff of Cook
county to the penitentiary at Joliet, and that he pay the
costs of the prosecution. In the record of this judgment
it is recited that the State's attorney, and the defendant in
person and by his counsel, were before the court. Immedi-
ately following this judgment and sentence, and apparently
as part of the same entry of the court, appears the recital
that the bond in this cause had theretofore been declared
forfeited, and that the defendant was three times in open
court called and did not answer thereto and was "now here
a fugitive from justice." An order was entered Novem-
ber 19, 1912, by George Kersten, presiding judge, vacating
the default of the defendant entered April 29, 1911, and
dismissing the *scire facias* on recognizance without costs to
the defendant. An order was entered by William Fenimore
Cooper, presiding judge, on November 25, 1912, striking
the cause from the trial docket with leave to re-instate. On
January 3, 1921, plaintiff in error was brought into court
and on motion of the State's attorney an order was en-
tered by Marcus Kavanagh, presiding judge, re-instating
the cause upon the trial docket, and on the same day, upon
motion of the State's attorney, an order was entered pur-
porting to vacate the sentence of June 3, 1911, overruling
the motion of defendant in arrest of judgment and enter-
ing a second judgment and sentence in practically the same
form and words as the first and original judgment and sen-

tence in the cause. On January 5, 1921, the judge vacated his judgment and sentence of January 3, 1921, on motion of the State's attorney, and entered a third judgment and sentence in practically the same form and words as the judgment of January 3, 1921, after hearing evidence and making a finding that the defendant had been a fugitive from justice from March 24, 1911, to January 1, 1921. On the same day the court overruled the motion of defendant to vacate the sentence of January 5, 1921, and the defendant excepted. The court also overruled defendant's motion in arrest of said last judgment and exceptions were preserved thereto. Defendant has sued out this writ of error to review the orders and judgments of January 3 and 5, 1921.

It appears that the judgment of the court of January 3, 1921, was set aside because of the fact that no evidence had been heard to show that plaintiff in error was a fugitive from justice. In addition to the record evidence before the court the State's attorney introduced in evidence the testimony of James V. Larkin, a member of the police force in the city of Chicago at the time of plaintiff in error's trial and also in January, 1921, for the purpose of proving that plaintiff in error was a fugitive from justice. His testimony is, in substance, the following: Plaintiff in error was in the court room in March, 1911, at the time and place that the second jury retired from the court room to consider their verdict. He was at that time in the clothing business on Jefferson street, in Chicago. After the jury returned their verdict of March 24, 1911, he disappeared from the city. Witness was present during the trial of the plaintiff in error up to the time that the jury retired to consider their verdict. He was not present when the jury returned their verdict. He was informed that the defendant was present when the verdict was read and that he left the State after the return of the verdict. The witness conducted a search for the defendant upon this information and continued looking for him ever since until he arrested

him, Sunday, January 2, 1921. He had gotten information on January 1, 1921, that he was in Chicago, and on that information he searched for and found him in a jewelry store on Jefferson street and took him into custody. He had previously been informed, during the absence of plaintiff in error, that he was in London, England, and in Russia. When he arrested him he asked him where he had been during all of his absence, and was informed by him that he had been in London and in Russia and that he had been back in this country about five or six months when arrested. The court also stated in the presence of counsel on the hearing on January 5, 1921, that he personally knew that plaintiff in error was not in court and before him as judge at any time after March 24, 1911, until January 3, 1921, and upon his personal knowledge and the testimony of Larkin he directed the finding in the record that the defendant had been a fugitive from justice from March 24, 1911, to January 1, 1921.

It appears from the record and from the arguments of counsel that the court entered his order of vacation of the judgment and sentence of June 3, 1911, upon the theory that that judgment was void because of the fact that plaintiff in error was not personally present in court when it was entered. In this State every defendant in a criminal case is guaranteed by our statute a trial according to the course of the common law, and he has the constitutional right of being personally present at every stage of his trial from his arraignment to his final sentence. This court and a number of other courts of this country have held that a defendant may waive his constitutional right of being personally present when he is sentenced, and that he does do so when he absconds or runs away from the court after he has learned of the verdict of the jury and refuses to return to the court for sentence or further proceedings. (*Sahlinger* v. *People,* 102 Ill. 241; *Sewell* v. *People,* 189 id. 174; *People* v. *Turney,* 273 id. 546; *State* v. *Way,* 14 L. R. A.

(N. S.) 603, and note.)    This is now almost the universal
rule in this country where the defendant is on bail at the
time he runs away, as the plaintiff in error was in this
case, as will be seen by consulting the note to the last case
above cited.    Had not plaintiff in error been on bail and
had escaped from the officers and refused to return to the
court for sentence, the entry of judgment and sentence in
his absence would not have been a void proceeding but at
most a mere erroneous judgment and sentence, which might
be waived by plaintiff in error.    (*Harris* v. *People,* 138 Ill.
63.)    There is no theory upon which the judgment against
the plaintiff in error of June 3, 1911, can be regarded as a
void judgment.    He was upon bail and under obligation
to attend court until his trial was completely at an end
and judgment and sentence pronounced against him.    The
waiver of his constitutional right is complete, and by his
own wrong he has forfeited all right to question the judg-
ment in any character of proceedings because entered in
his willful absence.    It being a valid judgment the State
certainly had no right to have it set aside.

The court was without jurisdiction to enter any of the
orders entered by it January 3 and 5, 1921, and complained
of by plaintiff in error.    In the absence of a statute pro-
viding otherwise, a court cannot set aside or alter its final
judgment after the expiration of the term at which it was
entered unless the proceeding for that purpose was begun
during that term.    The single exception to this rule applies
only to void judgments.    (*United States* v. *Mayer,* 235
U. S. 55;  16 Corpus Juris, 1315, 1356;  *People* v. *Wil-
mot,* 254 Ill. 554;  *People* v. *Turney, supra.*)    The judg-
ment in this case being valid, the court had no power to set
aside or change it or to enter any further judgment or sen-
tence in the case.

We cannot agree with the contention of plaintiff in error
that no further order of commitment can be made on the
original judgment.    A court, under such circumstances as

are found in this record, is not deprived of its jurisdiction to enter a further order of commitment when the defendant is again brought into court after he has absconded of his own wrong, unless there is produced by him or for him some new defense showing a valid reason why the sentence should not be carried out. It is thought by plaintiff in error that the court lost jurisdiction by temporary abandonment of the case or by unusual and unlawful delay in having the sentence executed. This notion is based upon the claim that the plaintiff in error must be presumed to have been present in court at the time that his forfeiture was set aside and the *scire facias* dismissed, and that the People and the court, in neglecting and failing to have the sentence executed, have lost all further right and jurisdiction to proceed further on this judgment and to make further orders for committing the plaintiff in error. It is true that where sentence has been indefinitely suspended it cannot be lawfully imposed thereafter by the court. (*People v. Allen,* 155 Ill. 61; *People* v. *Leinecke,* 290 id. 560.) No such showing has been made by this record, and no inference thereof can be drawn by reason of the orders entered with reference to the proceedings by *scire facias.* If he was not there, in fact, when those orders were made, they can have no effect to defeat the right of the People to have entered an order for another *mittimus* on proper showing.

Where a prisoner escapes or runs away from court after sentence in a criminal case it is the People's right at all times thereafter to re-arrest him and have him committed and imprisoned upon the original sentence. This is conceded by the plaintiff in error, and there is much said in the briefs about the proper manner of obtaining such final writ or *mittimus* for the commitment of the defendant to prison. In Bishop's New Criminal Procedure (vol. 1, 1895, sec. 1384,) it is said: "There are two methods of disposing of the re-arrested prisoner: One for the keeper simply to confine him during the remaining period of his

sentence, adding the time of his absence. In a case involving no questions of fact not concluded by the record, such as the identity of the person or the violation *in pais* of the condition of a pardon, this method, while legally good, is practically ample. The other is to conduct him before the court that rendered the judgment or another of superior criminal jurisdiction, whereupon, the facts appearing, it will order the execution of the former judgment."

We think it proper to suggest, under the circumstances appearing in this record, that a proper method of proceeding in this case would be for the State's attorney to begin with a written motion for an order of the court for the proper writ to commit plaintiff in error on the original sentence, setting forth the facts showing that he has been regularly tried and sentenced and that after sentence he fled the court and has been a fugitive from justice ever since up to his arrest, January 2, 1921. On proper proof of those facts the court would have jurisdiction to enter the order unless the plaintiff in error makes some legal defense thereto. Plaintiff in error should have the right to make any such defense as he may have, in view of the fact that it has been ten years or more since the original judgment was entered. An order entered without some such proper showing in the record, on review by writ of error might be reversed upon the legal presumption to be drawn from a mere consideration of the record that he had served his sentence.

It is further suggested that it is not competent for the court to enter any order based upon his personal recollection, alone. He might become a proper witness before another judge, but no order can be legally entered by the judge of a court of the character herein suggested upon his personal recollection, and no amendment of the record after the term at which the judgment is rendered can be made unless based upon some note or memorandum or memorial paper remaining in the files or upon the records of the

court. The amendment cannot rest in the recollection of the judge or other persons or be based upon *ex parte* affidavits or testimony. (*People* v. *Leinecke, supra.*) It is perfectly competent, however, to prove the fact by oral testimony that the plaintiff in error absconded and has been a fugitive from justice ever since, if such is the fact.

For the reasons above given all orders and judgments of the court entered January 3 and 5, 1921, and not already set aside by the court itself, are reversed and the cause is remanded for further proceedings in harmony with the views herein expressed.  *Reversed and remanded.*