(No. 31054.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN YURKIATES, Plaintiff in Error.

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

John Yurkiates, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, and W. S. Miroslawski, both of Chicago, of counsel,) for the People.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff in error, John Yurkiates, was convicted of robbery in the criminal court of Cook County on April 4, 1933, and sentenced to imprisonment in the Illinois State Reformatory at Pontiac. On April 25, 1933, the court vacated such sentence and resentenced plaintiff in error to imprisonment in the penitentiary at Joliet. The original judgment of the court found the age of defendant to be twenty-one years, but no finding of age is contained in the judgment of April 25, 1933. Plaintiff in error complains that the second sentence was entered in his absence and without his consent. The record discloses he was not present at the re-sentencing, but fails to show whether he was, or was not, serving the first sentence.

Plaintiff in error has also filed the record of four subsequent convictions as an habitual criminal in 1942, be-

cause of stealing a motor vehicle. Plaintiff in error claims the sentence for robbery is void because entered when he was not present, and also contends his subsequent conviction as an habitual criminal was erroneous because there was no previous legal conviction upon which to base the same.

It is almost an axiom that a defendant in a criminal case must be present in court when sentence is pronounced upon him. This is necessary to afford him due process of law guaranteed by the constitution, (*Bailey* v. *People*, 190 Ill. 28,) as a defendant has a right to be present at all stages of the trial. (*Diaz* v. *United States*, 223 U.S. 442, 56 L. ed. 500.) Specifically we have held that the record must affirmatively show that the defendant was present in court when sentence was imposed, (*People* v. *Ambolo*, 343 Ill. 480; *People* v. *Weinstein*, 298 Ill. 264;) and that where the defendant is not personally present the judgment must be reversed. *Harris* v. *People*, 130 Ill. 457.

It is contended, however, by the People, that the action of the trial court in changing the place of confinement comes in the same category as a motion for new trial or arrest of judgment, which may be acted upon by the court out of the presence of the defendant. (*Nagel* v. *People*, 229 Ill. 598; *Harris* v. *People*, 130 Ill. 457.) However, these motions are no part of the trial, but events subsequent to the trial. A judgment or sentence, however, is the ultimate essential part of a trial, since without it no trial has taken place. In the present case the result of the resentence might seriously affect defendant. A sentence to a reformatory for an infamous crime does not render a person infamous, or forfeit his right to vote, while one to the penitentiary does. *People* v. *Perkins*, 395 Ill. 553.

Plaintiff in error says he was only nineteen years of age when sentenced in 1933, but since there is no bill of exceptions we cannot accept this as a fact, even though the judgment of April 4, 1933, is the only place in which the

age is found, and that judgment has been vacated. Where the age of a defendant does not appear in the record it is presumed he was of legal age. There can be no question but that the action of the trial court in entering judgment out of the presence of the defendant was erroneous.

The question, however, arises whether the error committed was prejudicial to plaintiff in error. In both sentences for robbery the term of imprisonment was the same, the place of confinement only being different, and in fact the law provides for the transfer from the reformatory to the penitentiary after the prisoner reaches his majority. The effect of either sentence as constituting a basis for conviction as an habitual criminal at the time of the first conviction was the same, the amendment requiring actual confinement in the penitentiary not having been adopted until 1941. *People* v. *Perkins,* 395 Ill. 553.

The theoretical injury of infamy, corruption of blood, and loss of civil rights would still exist because of the subsequent conviction of an infamous crime, so it is difficult to see what legal injury the plaintiff in error has sustained, or how he could be benefited by a remandment of the case. If the judgment is reversed the original judgment would remain in effect, and the sentences in the subsequent convictions under the Habitual Criminal Act were justified.

It seems to be the theory of plaintiff in error that he would necessarily be sentenced to the reformatory and the maximum sentences imposed under the Habitual Criminal Act for the subsequent crimes not be permissible, because there would be no previous conviction. This theory is invalid for two reasons: (1) the original conviction would remain in effect, and (2) confinement in the reformatory, previous to 1941, rendered one subject to the penalty of an habitual criminal. According to his own statement plaintiff in error was admitted to parole, and shortly thereafter committed four felonies, resulting in further im-

prisonment. No complaint is made of the error of the trial court until the commission of new crimes resulted in his present imprisonment, and having accepted the original sentence, and having received a conditional discharge therefrom, his present imprisonment is not a result of the court's error, but of his own act in resuming a life of crime.

We are not to be understood as modifying the rule requiring the presence of the defendant at all stages of the trial, but only that it may be waived by a defendant, when after a lapse of many years, and after receiving his release on parole, the objection is raised solely for the purpose of lessening the punishment occasioned by his recidivous propensities.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*