(No. 33530.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLEN SMITH, Plaintiff in Error.

*Opinion filed September 23, 1955.*

AARON H. PAYNE, and LYCURGUS J. CONNER, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

By an indictment in the criminal court of Cook County plaintiff in error Olen Smith was charged with unlawfully selling a narcotic drug. He pleaded not guilty and waived trial by jury. On a trial before the court he was found guilty and was sentenced to the penitentiary for a term of one to five years. Bringing only the common-law record he comes to this court on writ of error, contending the court erred in hearing the testimony of certain witnesses, entering judgment and pronouncing sentence, all at a time when he was not personally present in court.

The record discloses that plaintiff in error, hereinafter called defendant, was present at all times during the trial until the State rested, after which the cause was continued. On the day to which it was continued he was present in

person and by counsel, and on motion of his counsel the case was again continued to December 12, 1952. On that date the defendant failed to appear in person. His counsel, however, was present. Additional evidence was then heard, the defendant was found guilty, motions by his attorney for a new trial and in arrest of judgment were overruled, and defendant was sentenced *in absentia.* On the same day his bond was forfeited and *capias* was ordered to issue. It further appears that the bond forfeiture was subsequently vacated and set aside.

The law is clear that an accused has the right to appear and defend in person as well as by counsel, and that he is entitled to be present and to participate at every stage of the trial. (*People* v. *Brindley,* 369 Ill. 486; *People* v. *McGrane,* 336 Ill. 404.) It has long been established that a prisoner accused of a felony must be arraigned in person and must plead in person, and his personal appearance is required throughout the trial and at the time sentence is pronounced. The fact that he was present during the trial and at the imposition of sentence must be affirmatively shown by the record, and a failure in this respect will not be aided by those presumptions which the law ordinarily raises in support of the judgments of courts of general jurisdiction. (*People* v. *Yurkiates,* 404 Ill. 157; *Harris* v. *People,* 130 Ill. 457.) As we observed in the *Harris case,* "This apparent exception to the general rule may perhaps be attributed to an abundant tenderness for the right secured by the Constitution to the accused to be confronted by the witnesses against him, and to be heard by himself and counsel, but however this may be, it seems to be well supported by the authorities." Where the accused is not present in person, the error is not cured by the presence of his counsel, as his attorney has no power to waive his right to be present. *People* v. *McGrane,* 336 Ill. 404.

It is also well established that this constitutional right to be present at every step taken in his case may, like

many other rights, be waived by the prisoner. Thus where a defendant voluntarily absents himself from the court-room at the moment a verdict is rendered, or runs away from the court after he learns of the verdict, and refuses to return for sentence or further proceedings, he is deemed to have waived his right to be present and cannot claim any advantage on account of his absence. (*People* v. *Weinstein,* 298 Ill. 264; *Sahlinger* v. *People,* 102 Ill. 241.) In such case the court is under no obligation to stop the trial until the defendant chooses to return, and it does not transcend its legitimate powers by proceeding with the case to final judgment.

In the case at bar, however, the record fails to disclose the reason for defendant's absence, and hence there is nothing upon which to base a waiver of his constitutional right to be present in person. The State argues that in the absence of any explanation, defendant's failure to appear is deemed to be voluntary. The cases cited do not sustain the position. In *Sahlinger* v. *People,* 102 Ill. 241, it appeared from affidavits on a motion for new trial that the defendant deserted the courtroom during the last hours of the trial and went to the house of one Rosa Memlick. In holding that there was no error in proceeding with the trial in his absence, we observed: "The defendant was not imprisoned, nor was he prevented by any improper means from being present when the verdict was rendered. He voluntarily and wrongfully absented himself, and he can not now claim any advantage on account of such absence. It was the duty of defendant to be present when the case was submitted to the jury and when the verdict was returned, but he can not claim any advantage from a failure to observe that duty, when he was absent of his own accord." In *People* v. *Weinstein,* 298 Ill. 264, the record contained a recital, immediately following the judgment and sentence and as part of the same entry of the court, that defendant was "now here a fugitive from justice."

In addition, evidence in subsequent proceedings showed that the defendant absconded and left the State after the return of the verdict. In *People* v. *Connors*, 413 Ill. 386, the judgment of conviction showed a finding that the plaintiff in error had failed to appear, that his whereabouts was unknown, and that he had violated the terms of his recognizance bond. An order forfeiting the bond was entered, and a *scire facias* was issued against him and his surety. When he did not answer on the return date, after being called in open court, a default and judgment of forfeiture were entered. After reciting such facts, this court said: "From these proceedings appearing in the record, and with nothing before us to contradict or explain them, we must conclude that plaintiff in error's absence from court at the time of the hearing and sentence was voluntary and wilful on his part."

In the case at bar the record not only fails to show that defendant was present but it affirmatively discloses his absence. The order forfeiting the bond does not indicate that the failure to appear was voluntary and wilful, for an order was entered following the judgment of conviction and sentence, and apparently as part of the same entry, vacating and setting aside the bond forfeiture. In *Harris* v. *People*, 130 Ill. 457, the record, like that in the case at bar, contained no bill of exceptions. It disclosed defendant's presence in court up to and including the verdict, but failed to show affirmatively that he was personally present when the sentence of the court was subsequently pronounced. In holding that such failure constituted error requiring a reversal, we observed: "In this case nothing whatever is shown as to the reason why the prisoner was not in court at the time sentence was pronounced, and there is nothing therefore upon which a waiver of his legal right to be present in person can be based." A similar conclusion must follow in the case at bar. The defendant was absent from the courtroom, and there is nothing before

this court to show that his absence was voluntary or that he had waived his right to be present.

The judgment of the criminal court of Cook County is reversed, and the cause is remanded to that court for a new trial.

*Reversed and remanded.*