THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT PENDERGRAFT, Defendant-Appellant.

First District (4th Division)    No. 63046

Opinion filed February 3, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Salvatore R. Marzullo, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Robert Pendergraft entered a plea of guilty to the charge of aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4), and was sentenced to 18 to 60 months in the penitentiary. The defendant appeals and the sole issue raised on review is whether a plea conference is a critical stage of the proceedings at which defendant has a right to be present.

The facts reveal that on August 8, 1974, the defendant was arraigned and entered a plea of not guilty. Then, on November 19, 1974, a

conference was held to discuss the facts of the case and the sentence the State would recommend if the defendant pleaded guilty. During the conference, the complainant stated that she was frightened by the defendant and wanted an opportunity to relocate before he was paroled from prison. The complainant's mother also stated that she, too, feared reprisals and related how she had received numerous calls on the defendant's behalf. At this point in the conference, the State recommended a sentence of 12 to 60 months; however, the trial judge indicated that he would impose a sentence of 18 to 60 months if the defendant changed his plea.

A recess was taken and defense counsel communicated the terms of the conference to Pendergraft. When court resumed, the defendant was brought back before the bench and defense counsel requested a 1-week continuance so defendant could consider the sentence. As the judge prepared to set a date, Pendergraft indicated to the court that he did not want a continuance. Consequently, the defendant discussed the terms of the conference a second time with his attorney, withdrew his plea of not guilty and entered a guilty plea to aggravated battery. The trial court then admonished the defendant and he tendered an executed jury waiver. After defense counsel stipulated to the evidence that would be presented by the State and the defendant stated that the plea was voluntary, the court found defendant guilty and entered a judgment on the findings. Then defendant waived a presentence investigation so a hearing in aggravation and mitigation was held, in which the defendant participated, and defendant was sentenced by the court.

■■  The defendant contends that the conference held in chambers on November 19, 1974, was a sentencing hearing and that he had a right to be present because it is a critical stage of the proceedings. The State contends that the hearing was a plea conference which complied with the guidelines delineated in Supreme Court Rule 402(d). (Ill. Rev. Stat. 1973, ch. 110A, par. 402(d).) After carefully reviewing the record, we think the hearing would be most correctly called a plea conference. In fact, when Judge Massey made his initial statement to the parties, he said: "This is the case of Robert Pendergraft. We are engaging in what we call a pretrial conference." Judge Massey clearly refers to the hearing as a pretrial conference and leaves no doubt as to the nature of the proceedings. We fail to see how the hearing could be called anything other than what it was—a pretrial conference.

■■  Defendant argues that he had a right to be present at all stages of his trial (*People v. Mallett* (1964), 30 Ill. 2d 136, 195 N.E.2d 687), and that he must be present when sentenced. (*People v. Smith* (1955), 6 Ill. 2d 414, 129 N.E.2d 164.) Although defendant has a right to be present at his trial,

there was no trial in the instant case. Pendergraft was present and participated in the hearing on aggravation and mitigation prior to sentencing and he was present when sentenced. Plea discussions are proceedings that precede the trial, are initiated by the defendant, generally involving the judge, prosecutor and defense attorney, and are always conducted outside the presence of the defendant. Here, the plea conference was initiated by the defendant. Present were the judge, the prosecutor, the defense attorney, the complainant, and her mother; the defendant was not present. Supreme Court Rule 402(d)(2) permits the judge to be apprised of the tentative agreement, which he was, and, at the same time, with the consent of the defendant, to receive evidence in aggravation and mitigation. Judge Massey received evidence from the victim concerning the offense which is permitted by the Rule since it constitutes evidence in aggravation. We do not think the defendant has a right to complain since he initiated the plea discussion and was represented by counsel who made no objection.

■■ In the case at bar, the defendant was properly admonished; the plea was voluntary; there was a factual basis for the plea; and the plea discussion complied with Supreme Court Rule 402(d) in all respects. While we cannot deny that a pretrial conference is an important stage of the proceedings, there is no deprivation of defendant's constitutional rights when the defendant is represented at the plea conference and properly admonished by the judge, and when the plea is voluntary and the sentence is accepted in court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and SULLIVAN, J., concur.