THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEBBIE CARLSON, Defendant-Appellant.

Fifth District   No. 5—89—0592

Opinion filed November 14, 1991.—Rehearing denied December 18, 1991.

Jeff M. Plesko, of Guardianship & Advocacy Commission, of Carbondale, for appellant.

Robert Haida, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

Defendant, charged with the murder of her daughter, was found not guilty by reason of insanity and was remanded to the Department of Mental Health and Developmental Disabilities for evaluation pursuant to section 5—2—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—2—4(a)). An evaluation report was submitted to the court, and a hearing was held at which the circuit court found defendant subject to involuntary admission and in need of mental health services on an inpatient basis. The record gives no indication that defendant was present at that hearing.

Defendant makes numerous claims on appeal. We need only address one: that the failure of the record to indicate defendant's presence at the commitment hearing or waiver of her presence by her counsel, or that her attendance at the hearing would subject her to serious physical or emotional harm, requires reversal. We agree.

Section 5—2—4 of the Unified Code of Corrections, entitled "Proceedings after Acquittal by Reason of Insanity" (Ill. Rev. Stat. 1989, ch. 38, par. 1005—2—4), provides in part:

"After a finding or verdict of not guilty by reason of insanity ***, the defendant shall be ordered to the Department of Mental Health and Developmental Disabilities for an evaluation as to whether he is subject to involuntary admission or in need of mental health services. ***

The Department shall provide the Court with a report of its evaluation *** [and] *[t]he Court shall hold a hearing as provided under the Mental Health and Disabilities Code [(Ill. Rev. Stat. 1989, ch. 91½, par. 1—100 et seq.)]* to determine if the individual is: (a) subject to involuntary admission; (b) in need of mental health services on an inpatient basis; (c) in need of mental health

services on an outpatient basis; (d) a person not in need of mental health services." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—2—4(a).

Section 3—806 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1989, ch. 91½, par. 3—806) states:

"The respondent shall be present at any hearing under this Act unless his attorney waives his right to be present and the court is satisfied by a clear showing that the respondent's attendance would subject him to substantial risk of serious physical or emotional harm." Ill. Rev. Stat. 1989, ch. 91½, par. 3—806.

Neither of the requirements of section 3—806 was satisfied. The record does not indicate that defendant was present or that her attorney waived her right to be present, nor does it show that her attendance would subject her to a substantial risk of serious physical or emotional harm. The statute is clear on its face and defendant's presence is required.

Where the record gives no indication that defendant was present, the law does not allow us to make that presumption. (See *People v. Smith* (1955), 6 Ill. 2d 414, 129 N.E.2d 164.) We must assume, therefore, that defendant was neither present nor waived her right to be present. We reverse and remand for a new hearing.

Reversed and remanded.

HARRISON and CHAPMAN, JJ., concur.